(36 App. Div. 90.)

### EVERETT v. PEYTON et al.

(Supreme Court, Appellate Division, First Department. January 13, 1899.)

WILLS—TRUSTS—CREDITORS OF BENEFICIARY.

    A husband's objections to a codicil revoking provisions in the wife's will creating a trust in his favor were withdrawn in consideration of the executors' agreeing, with the approval of the surrogate, to invest a certain sum from the funds of the estate, designated as a trust fund, and pay the husband the income thereof for five years. *Held*, that the income resulted from an agreement the consideration for which moved entirely from the husband, and it was therefore subject to his debts.

Appeal from special term, New York county.

Action by John P. Everett against William K. Peyton and others. From an order denying a motion for an injunction pendente lite, plaintiff appeals. Reversed.

This action is in the nature of a judgment creditor's suit. The plaintiff seeks to obtain the income from a certain fund held for the benefit of defendant William K. Peyton by the defendants Schell and others, in order to apply

that income upon a judgment against defendant Peyton; and the injunction sought is to restrain the payment of the income to Peyton during the pendency of this action, the plaintiff's theory being that the said fund is subject to the claims of existing creditors. The motion for the injunction was based on a verified complaint, a demurrer thereto interposed by defendant Peyton, and an affidavit of plaintiff's attorney as to the necessity of granting the injunction. It appears that in October, 1893, plaintiff's assignor recovered a judgment against William K. Peyton for $31,204.94, which was duly assigned to plaintiff. Execution thereon was returned wholly unsatisfied. On November 7, 1894, Peyton's wife, Josephine L. Peyton, died, leaving a large estate, and by will and codicils made certain provisions as to him. By a later codicil she revoked all the earlier provisions for his benefit. Upon these instruments being propounded for probate, objections were filed by William Peyton to this last codicil. Thereafter negotiations were had with him for a settlement, which resulted in an agreement between him and the trustees of the will whereby $100,000 out of the funds of the estate were to be set aside to remain in the hands of the trustees, and to be by them invested and the income thereof paid to William Peyton for a period of five years or until his earlier death, Peyton releasing all claims against the estate. The will was probated, the compromise being approved by the surrogate. The trustees thereupon, out of the estate of Josephine L. Peyton in their hands as such executors, invested the sum of $100,000, and Peyton has since received the income therefrom, and the executors are about to make another semiannual payment to him. The complaint alleges that the agreement referred to was made to hinder and defraud the plaintiff by creating a pretended trust which should be beyond the reach of creditors, was made in violation of the statutes, and is therefore void as to existing creditors. The motion was denied, and from the order entered thereon this appeal is taken.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and O'BRIEN, JJ.

James MacGregor Smith, for appellant.

W. C. Beecher, for respondents.

O'BRIEN, J. The questions on this appeal are narrowed down to a consideration as to whether the income arising from the investment of the $100,000 set apart, and which it is agreed shall be annually paid to William K. Peyton, results from a trust created by the will of his wife, or results from an agreement between him and the trustees the consideration for which moved entirely from him. In the former case the plaintiff could only proceed in equity to reach the surplus of the income over and above the defendant's needs. Wetmore v. Wetmore, 149 N. Y. 520, 529, 44 N. E. 169. If the latter is true, then the moneys payable under the agreement belong to the defendant, and, regardless of the form, can be reached by creditors. It is admitted by the demurrer that the trust provisions in favor of the defendant created by the will and codicils of the wife were finally revoked, so that the effect of a probate of the instruments, in the absence of a contest, would be to deprive the defendant of any participation in his wife's estate. He, however, filed objections to the probate, and as a consequence the agreement was reached by which a fund was set apart, the income of which was payable to the defendant for five years. The consideration for such an agreement, which was the withdrawal of the objections to the probate, moved entirely from the defendant. The fact that a sum was specified to be set apart as a trust fund does not change the nature of the transaction.

It is clear that the wife never made such a trust in terms for five years, and it is equally clear that her trustees had not the power to create a trust for her, though we concede to them the right, with the approval of the surrogate, to enter into a compromise with the defendant, and to use the estate of their testatrix to carry it out. It appears that in doing the latter they resorted to the form of a trust, no doubt for convenience in making the payments, or maybe in the hope that in this way the moneys to be paid could be placed beyond the reach of creditors. The substance or basis of the transaction was an agreement to pay to the defendant a certain sum of money annually, in consideration of his withdrawing his opposition to the probate of the will. Had the agreement been to pay him $5,000 a year for five years, no question would arise but that the moneys were the defendant's, and could be reached by his creditors. What he did was to relinquish a right to contest the will in consideration of certain sums to be paid to him. The fact that the fund out of which the payments were to be made was designated as a trust fund does not change the character of the ownership to the income arising from it. Mrs. Peyton created no such trust for her husband, and the trust here in form created was one due in fact to the sale of a personal right, and the income arising therefrom belonged to the defendant, and can be reached by creditors. The appellants rightly contend that the fund in question is merely held by the executors as agents or bailees to carry out the agreement of compromise. The will and codicils which were admitted to probate gave the judgment debtor nothing, and all that he received is the price of his withdrawal of opposition to the probate. This was a personal right existing in his favor, which he could not convert into a trust beyond the reach of his creditors. The provision in his favor in the will which had been revoked by the later codicils consisted partly of the income of a trust fund and partly of real property absolutely devised. His right to contest its revocation was a personal property right, and the form adopted by the parties of creating a nominal trust similar to that provided for by the will does not make it in fact or law a trust created by the testatrix for his benefit. Although, doubtless, the counsel for the judgment debtor who negotiated the settlement had in view the creation of such a fund as the judgment debtor could enjoy without molestation from his existing creditors, the law will not aid him in that effort. This fund was not created by the testatrix, nor did it proceed from her. It was a payment to the judgment debtor of his price for the relinquishment of an existing legal right. The consideration for such relinquishment was his individual property, and is subject to the claims of his creditors. We think the order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to abide the event. All concur.