EVERETT v. PEYTON et al.

(Supreme Court, Appellate Division, Second Department. March 6, 1900.)

WILLS—PRETENDED TRUSTS—CREDITORS OF BENEFICIARY.
 A husband's objections to a codicil revoking provisions in his wife's will in his favor were withdrawn in consideration of an agreement with the trustees of his wife's estate to set aside a fund of $100,000, and pay the husband the income thereof for five years. *Held*, that the income was not derived from a trust fund, but was property of the husband, which he could not withhold from his creditors, irrespective of the question whether he made the agreement with intent to defraud his creditors by creating a pretended trust fund which should be beyond their reach.

Appeal from special term, New York county.

Action by John P. Everett against William K. Peyton, impleaded with others. From a judgment of the supreme court in favor of plaintiff, defendant Peyton appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, HATCH, WOODWARD, and HIRSCHBERG, JJ.

William C. Beecher, for appellant.

James MacGregor Smith, for respondent.

WILLARD BARTLETT, J. The appellant was the husband of Josephine L. Peyton, deceased, who disposed of a large estate by a will and several codicils. The will itself and the earlier codicils contained certain provisions for the benefit of the husband, but these were all revoked by the third and last codicil. The husband opposed the probate of such codicil, and as a result of his opposition an agreement was entered into between him and the trustees of his wife's estate whereby a fund of $100,000 was set aside, and the trustees agreed to pay the income of that fund to the husband for a period of five years, or until the time of his death, if he should die before the expiration of that period. The plaintiff, who is the assignee of a judgment creditor of the husband, brings this equity suit to reach the income of the so-called trust fund thus established. The case came before the appellate division in the First department

upon an appeal from an order denying a motion for a preliminary injunction. Everett v. Peyton, 36 App. Div. 90, 55 N. Y. Supp. 464. At that time no answer had been interposed, and the motion was based on a complaint, a demurrer, and an affidavit of the plaintiff's attorney showing the propriety of granting injunctive relief. The order refusing the injunction was reversed by the appellate division, and the law of the case was laid down in an opinion by Mr. Justice O'Brien, in which all the other members of the court concurred. The appellate division held, in substance, that the income derived from the investment of the $100,000 arose, not from any trust created by the will of Mrs. Peyton, but from an agreement between her trustees and her husband, the consideration for which agreement proceeded entirely from him. This consideration was the withdrawal of the husband's objections to the probate of the last codicil. While the trustees and the husband embodied their agreement in the form of a trust, there was no trust in reality, but merely a contract to make an annual payment to the husband. This money, as it accrued annually from the investment of the $100,000, became the individual property of the husband, and subject to the claims of his creditors. These legal propositions having been established by the decision of the court in the First department, we have only to consider whether the case is presented here in so different an aspect as to render them inapplicable to the facts as now established. There was a demurrer in the case then, instead of an answer, so that all the allegations of the complaint stood admitted, including the averment that the husband had entered into the agreement with the trustees with intent to delay, hinder, and defraud his creditors, and with intent to create a pretended trust fund for his own use and benefit, which should be beyond the reach of his creditors. There is no such admission in the answer, nor is there any such finding in the decision which has been rendered at special term. It is contended in behalf of the appellant that the gist of the action is fraud, and that the plaintiff cannot be permitted to recover on any other theory. It seems to us, however, that under the complaint as framed, irrespective of any allegation as to the husband's intent to hinder, delay, or defraud his creditors, the recovery may be maintained on the ground upon which the opinion of Mr. Justice O'Brien proceeded; that is to say, that the income of the $100,000 was in no proper sense derived from a trust fund, but was property of the husband, which he could not be allowed to withhold from his creditors by the interposition of a pretended trust. At all events, as this was the view of the appellate division in the department in which the action was tried, and from which the present appeal has been transferred to us, we feel bound to follow it. The judgment must therefore be affirmed.

Judgment affirmed, with costs. All concur.