questions are presented for our consideration, and the judgment and order appealed from must be affirmed, with costs. All concur.

ENGLESTOFF, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, First Department. June 22, 1900.) Action by Clara A. Englestoff, as administratrix, against the New York Central & Hudson River Railroad Company. T. P. Wickes, for appellant. H. E. Kinney, for respondent. No opinion. Judgment affirmed, with costs.

EVANS v. AMERICAN STEEL FOUNDRY CO. (Supreme Court, Appellate Term. June 13, 1900.) Action by Charles B. Evans against the American Steel Foundry Company. From an order (63 N. Y. Supp. 1107) overruling a motion of defendant to set aside service of summons (61 N. Y. Supp. 922), defendant appeals. Affirmed. Ashley, Emley & Rubino, for plaintiff. Ivins, Kidder & Melcher, for ·defendant.

PER CURIAM. Order affirmed, and judgment absolute for respondent, under stipulation, with costs.

EVERETT, Respondent, v. PEYTON, Appellant. (Supreme Court, Appellate Division, Second Department. May 29, 1900.) Action by John P. Everett against William K. Peyton, impleaded with others.

· PER CURIAM. We are of the opinion that a question of law is involved in this case which ought to be reviewed by the court of appeals. It is not entirely clear that this case belongs to the class of judgment creditors' actions in which any leave from this court is required by the statute; but, in order to remove all doubt on the subject, we have concluded to grant the desired order. We do not think that the proper practice requires the certification of any specific questions. See 62 N. Y. Supp. 910.

FALANGA, Appellant, v. BERTI, Respondent. (Supreme Court, Appellate Term. June 13, 1900.) Action by Luigi Falanga against Enrico P. Berti. From a judgment in favor of defendant, plaintiff appeals. Affirmed. John Palmieri, for appellant. John T. Fenlon, for respondent.

PER CURIAM. The lease provides that the deposit is to be made by the parties of the second part. It further provides that Felice La Rocca is made one of the parties of the second part. We think, therefore, she was a necessary party, and the failure to join her warranted a dismissal of the complaint. The judgment should therefore be affirmed, with costs.

FARRELL, Appellant, v. WRITER, Respondent. (Supreme Court. Appellate Division, Second Department. June 19, 1900.) Action by Thomas R. Farrell against Gabriel M. Writer.· No opinion. Judgment affirmed on argument, with costs.

FEBEL, Respondent, v. GERATY, Appellant. (Supreme Court, Appellate Term. June 28, 1900.) Action by Hannah Febel against Annie M. Geraty. From a judgment in favor of plaintiff, defendant appeals. Affirmed. August P. Wagner, for appellant. Alexander & Ash, for respondent.

PER CURIAM. Judgment affirmed, with costs.

In re FEEHAN. (Supreme Court, Appellate Division, First Department. June 15, 1900.) In the matter of John Feehan, deceased.

PER CURIAM. Upon payment of $25 costs, motion for rehearing granted, and leave given to file and serve papers within a time to be limited in the order. See 64 N. Y. Supp. 1135.

FEINGOLD, Appellant, v. ABLER et al., Respondents. (Supreme Court, Appellate Term. July 6, 1900.) Action by Gustav Feingold against Jacob P. Abler and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed. Carl L. Schurz, for appellant. Joseph J. Harris, for respondents.

PER CURIAM. Upon conflicting evidence the justice found in favor ·of the defendant. No question of law is presented, and we cannot say that injustice has been done. The alleged public announcements by the managers of the theater do not necessarily· corroborate the plaintiff in his story that he was engaged until the end of the season in any event, but may have been only an expression of opinion that the strike would not be settled, and that for that reason the plaintiff's engagement would continue. The judgment should be affirmed, with costs.

FISHER et al., Appellants, v. MONAHAN et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 5, 1900.) Action by John Fisher and others, as trustees of school district No. 1, town of Eastchester, against John Monahan and others. No opinion. Motion for leave to appeal to the court of appeals denied. See 64 N. Y. Supp. 1135.

FISHER et al., Appellants, v. MONAHAN et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 19, 1900.) Action by John Fisher and others, as trustees of school district No. 1, town of Eastchester, against John Monahan and others.

PER CURIAM. Order of affirmance amended by striking therefrom the word "interlocutory," before the word "judgment," wherever the expression "interlocutory· judgment" occurs in said order. See 64 N. Y. Supp. 1135.

FLANAGAN, Respondent, v. METROPOLITAN ST. RY. CO., Appellant. (Supreme Court, Appellate Term. June 28, 1900.) Action by Mary Flanagan against the Metropolitan Street-Railway Company. From a judgment for plaintiff, and an order denying a new trial, defendant appealed to the general term of the New York city court, and from an affirmance (64 N. Y. Supp. 379) defendant appeals. Affirmed.