JOHN P. EVERETT, Respondent, *v.* WILLIAM K. PEYTON, Appellant, Impleaded with Others.

WILL — COMPROMISE AGREEMENT — INCOME FROM TRUST FUND NOT SUBJECT TO CLAIMS OF JUDGMENT CREDITORS. The income of money invested by trustees in pursuance of a compromise approved by the surrogate, made with testatrix's husband, who contests on the ground of incapacity the validity of a codicil revoking the provisions of a will creating a trust fund for his benefit, by which compromise it was agreed that the amount specified in the will should be invested as therein provided and the income paid to him during his life, but not to exceed five years, the other provisions of the will and codicil to remain in full force and effect and be admitted to probate, is to be considered as the proceeds of a trust fund under the will and not of a contract for the benefit of the husband, and, therefore, not subject to the payment of the claims of his judgment creditors, where it is no more than necessary for his support and maintenance.

*Everett* v. *Peyton,* 49 App. Div. 630, reversed.

(Argued March 27, 1901; decided May 14, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 8, 1900, affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William C. Beecher* for appellant. The right of contest was not personal property. (3 Am. & Eng. Ency. of Law [1st ed.], 235 ; 1 Bouvier Law Dict. 311 ; *Matter of Brown,* 47 Hun, 360.) ' Not only was the trust not created by the defendant Peyton, but the fund held in trust did not proceed from him. (Code Civ. Pro. §§ 1879–2463 ; 2 R. S. 173, § 38 ; *Graff* v. *Bonnett,* 31 N. Y. 9 ; *Locke* v. *Mabbett,* 2 Keyes, 457.) The law favors trusts and protects the beneficiary, at least to the extent that the income is needful for their support. (*Schenck* v. *Barnes,* 156 N. Y. 316.)

*James MacGregor Smith* for respondent. The fund in the hands of the defendant Schell and his associates is not

exempt from the claims of a judgment creditor prosecuting an action of this kind. (*Nichols* v. *Eaton*, 91 U. S. 716; *Hyde* v. *Woods*, 94 U. S. 526; *Williams* v. *Thorn*, 70 N. Y. 270; Wait on Fraud. Conv. § 360.) The judgment debtor could not create a trust in the money to be paid him which would put the fund beyond the reach of his creditors. (*Lawrence* v. *Pease*, 50 N. Y. S. R. 851; *Sloan* v. *Birdsall*, 58 Hun, 317; *Schenck* v. *Barnes*, 156 N. Y. 316; 25 App. Div. 153.) This action may be sustained upon the theory of a resulting trust in favor of the creditors of Peyton. (*Williams* v. *Thorn*, 70 N. Y. 270; *Cochrane* v. *Schell*, 140 N. Y. 516; *Schenck* v. *Barnes*, 25 App. Div. 153.)

HAIGHT, J. This action was brought by the plaintiff as a judgment creditor of the defendant Peyton to have the income of one hundred thousand dollars applied in satisfaction of the plaintiff's judgment. On the 4th day of October, 1893, one William Hamlin recovered a judgment in the Supreme Court in the county of Erie against the defendant William K. Peyton for the sum of $31,204.94, which judgment, on the following day, he assigned and transferred to the plaintiff. Execution was issued thereon which was subsequently returned wholly unsatisfied. On the 7th day of November, 1894, Josephine L. Peyton, the wife of the defendant, died possessed of a large estate and leaving a will and three codicils. The will, by its seventh clause, gave and bequeathed to the trustees therein named the sum of one hundred thousand dollars, in trust, to collect the interest and income therefrom and to pay the same over to the testatrix's husband during his natural life, and at his decease the trust estate so created was to become a part of the testatrix's residuary estate. By the second codicil she devised certain real property to her husband, but in the third codicil she revoked all provisions in the will and codicils made for his benefit. When these instruments were offered for probate the defendant Peyton filed objections to the third codicil, claiming that at the time it was executed she was not of sound mind, memory and understanding. There-

upon negotiations were had between the trustees, the guardian of the testatrix's infant daughter and the defendant for a settlement of the contest, which resulted in an agreement by which the sum of one hundred thousand dollars of the estate of the testatrix was to be invested by the trustees and the income therefrom paid over by them to the defendant in accordance with the provisions of the seventh clause of the will during his life, but not to exceed the period of five years. The other provisions of the codicils were to remain in full force and effect.

This agreement was approved by the surrogate by an order entered upon the 5th day of January, 1895, by which it was adjudged that the will and codicils should be admitted to probate and have full force and effect, except and saving only the provisions contained in paragraph seven of the will, which paragraph was to remain in full force and effect.

Thereupon the trustees invested the sum of one hundred thousand dollars of the estate of the testatrix in their hands pursuant to the provisions of her will, and from time to time paid over the interest and income therefrom to the defendant for his support and maintenance until this action was brought. Upon these facts the trial court awarded judgment in favor of the plaintiff, holding that the income derived from the one hundred thousand dollars was the proceeds of a contract to which the defendant was entitled, and that it was not the proceeds of a trust fund created by the testatrix for his support and maintenance. An exception was taken by the defendant which brings up for review the correctness of this determination.

There is no claim that the income from the fund was more than was necessary for the support and maintenance of the defendant. No fraud has been proven or found. Indeed, we do not see how fraud was possible. If the codicil revoking the provisions made for the husband had been admitted to probate there would certainly have been nothing of the testatrix's estate that could be reached by his creditors. If the trust created by the will had been maintained then the income

would have been the proceeds of a trust and not subject to the claims of creditors. It is only because of the agreement that the plaintiff claims a right to recover and not by virtue of any fraud. He is not, therefore, in a position in which he can attack the contract or the decree of the surrogate based thereon. He rests his right to recover upon the construction of the contract, claiming that it is an agreement to pay the income on one hundred thousand dollars each year; that the income is not impressed with any trust, but that it belongs to the defendant and is applicable to the payment of the plaintiff's judgment.

We do not so construe these papers. The will of Mrs. Peyton created a trust fund, the income of which was to be devoted to the support and maintenance of her husband. That income was not liable for his debts and could not be reached by his creditors unless there was a surplus of income over and above that which was necessary for his support and maintenance. By the agreement entered into, one hundred thousand dollars of the funds of her estate were to be invested and held by her trustees " as in the seventh paragraph of said will provided." The income therefrom was to be paid over to the defendant during his life, but not for a period longer than five years. The decree entered upon this agreement in express terms authorized the settlement, confirmed the agreement and admitted the will and codicils to probate, but specifically excepted and preserved the seventh clause of the will which was continued in full force and effect. It appears to us that the agreement and decree are capable of but one construction and that is that the trust provided for by the seventh clause of the will was intended to be established and carried into effect for the support and maintenance of the defendant and that the income from the investment made by the trustees is the proceeds of a trust and not, therefore, applicable to the payment of his debts.

Some question has been raised with reference to the power of the trustees to so contract with the defendant and as to the power of the surrogate to ratify and confirm such contract,

but this question we do not deem it necessary to now determine; for, if we assume the contract to be unauthorized, and the surrogate without power to confirm it, it does not help the plaintiff's case, for then the trustees would be liable to account to the residuary legatees for all the money set apart by them for the creation of the trust and for the interest and income therefrom, and the court will not compel the trustees to misappropriate the funds of the estate.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

GRAY, O'BRIEN and CULLEN, JJ. (and WERNER, J., on the last ground), concur; PARKER, Ch. J., and LANDON, J., dissent for the reasons assigned by the Appellate Division in the opinion below and in the opinion written on the former appeal, reported in 36 App. Div. 90.

Judgment reversed, etc.