In the Matter of the Estate of GEORGETTE HAVEN BULL, Deceased.

Surrogate's Court, New York County, August 30, 1940.

*Iselin, Riggs, Ferris & Mygatt,* for the petitioners.

*Ehrich, Royall, Wheeler & Walter,* for the estate of E. Llewellyn Bull, deceased.

*White & Case,* for the New York Eye and Ear Infirmary.

*Hawkins, Delafield & Longfellow,* for the American Museum of Natural History.

*Moffat & Sanford,* for the Big Sisters and others.

*Manuel P. Rivera,* for Benito Q. Martin.

*Seymour J. Wilner,* for Georg Lober.

*Chadbourne, Hunt, Jaeckel & Brown,* for the Soldiers and Sailors Club of New York, Inc.

*James P. Power,* special guardian for infant beneficiaries.

*Frederic H. McCoun,* special guardian for Berenice Wyeth Bull.

*George W. Cornell,* for Annie O'Malley, legatee.

*Harold Content,* for the Florence Crittendon League, Inc.

DELEHANTY, S. Prior to her marriage in 1930 deceased had made a will which disposed of a large estate. Under the will a great number of persons would benefit. Four days after she married deceased executed a codicil to her will which (so far as is pertinent) says:

" *First.* Subject to the provisions of the Second paragraph hereof, I give, devise and bequeath all of my estate, whether real, personal or mixed and wherever situated, and all the rights and interests of every nature of or to which I may die possessed or entitled, after

the payment of funeral expenses, debts and administration charges, to my husband, E. Llewellyn Bull, as his own absolutely, and also subject to the provisions of the Second paragraph of this Codicil, I hereby revoke my said Last Will and Testament, dated February 13, 1929, in so far as my said Last Will and Testament may be inconsistent herewith.

" *Second.* In case my said husband shall not survive me or in case of our deaths simultaneously or if the order of our deaths cannot be determined or if my husband shall die in a common disaster with me or so nearly together with me that there shall not have been a reasonable time and opportunity to probate my said Last Will and Testament and this Codicil thereto and thereby formally to establish rights thereunder, then and in either of those events I hereby give, devise and bequeath all of my estate, whether real, personal or mixed and wherever situated, and all the rights and interests of every nature of or to which I may die possessed or entitled, in accordance with the provisions of my said Last Will and Testament, dated February 13, 1929.

" *Third.* Except as modified in this Codicil thereto, I hereby expressly ratify and confirm my said Last Will and Testament, dated February 13, 1929."

Deceased died July 26, 1939. Her husband died November 8, 1939. A petition for the probate of the will and codicil of deceased was filed on August 15, 1939. Service of the citation was completed in due course and on the return date thereof, October 11, 1939, both the will and the codicil could have been admitted to probate except for the fact that a person given a legacy of $500 under the will had not been served due to the inadvertent omission of her name from the citation as published pursuant to order. A decree admitting the will to probate was signed on October 20, 1939. A supplemental citation was issued to the legatee not properly served and the publication thereof was completed in due course. On December 4, 1939, the codicil was admitted to probate. No one filed objection either to the probate of the will or to the probate of the codicil. As noted, the husband of deceased died after the decree admitting the will and before the decree admitting the codicil.

The question presented in this construction proceeding is whether the text of paragraph second of the codicil operated to deprive the husband of deceased of the gift of the entire estate contained in the first paragraph of the codicil. The court holds that the question must be determined solely on the text of the codicil and that none of the external facts commented upon in some of the briefs can be considered in determining the issue. The particular text which

requires construction is this: " or if my husband shall die in a common disaster with me or so nearly together with me that there shall not have been a reasonable time and opportunity to probate my said Last Will and Testament and this Codicil thereto and thereby formally to establish rights thereunder." It is argued that this text defines a single condition which is centered upon the fact of a common disaster and contemplates the immediate death of both in such a disaster or the death of the testatrix therein and the death of the husband soon thereafter. It is argued on the contrary that the text contains two conditions and two central ideas. Concededly one of these is death of both in a common disaster. The other and separate idea is asserted to be the death of the husband so close to that of the testatrix as to leave insufficient time " formally to establish rights " on the part of the husband by the probate of the will and codicil of the testatrix. If the latter concept of the meaning of the text is accepted there then is presented the secondary question whether the interval between the death of deceased on July 26, 1939, and the death of her husband on November 8, 1939, constituted " a reasonable time and opportunity " to probate deceased's testaments.

The court holds that the condition stated in the quoted text is a single condition related only to the circumstances that would arise if fatal injuries occurred both to the deceased and her husband in a common disaster. The court holds that the text has no relation to deaths occurring from so-called natural causes unrelated to violence or accident affecting both testatrix and her husband. This conclusion of the court determines the issue and establishes the right of the husband of deceased to take her estate since he survived her.

For the sake of completeness only, the court also holds as a fact that the interval between the date of death of deceased and date of death of her husband constitutes a reasonable time and opportunity for the probate of deceased's testaments. As matter of fact all parties other than a legatee of $500 were in default and without right to object to a decree admitting the will and codicil to probate as of October 11, 1939. There is no suggestion that there ever existed any basis for contest of either instrument. The normal course of a probate proceeding in this State permits its completion in much less time than the 105 days which intervened between the respective deaths of deceased and her husband. The accidental fact that this probate process took a longer period is immaterial.

There is also need of construction of paragraph 2 of the will which says: " I direct that all State and Federal taxes of every sort and nature that may be payable in connection with my estate be

paid from the residue of my estate, so that all legatees and devisees hereunder may receive their legacies and devises free and clear of all such taxes."

The petition shows that the estate tax returns, both Federal and State, have not been filed and no tax has yet been paid. Because of the latter fact it is argued by some of the parties in interest that the proceeding is premature. This argument is based on the text of subdivision 1 of section 124 of the Decedent Estate Law which says in substance that the surrogate has power and is under the duty to prorate taxes (unless the will or other instrument otherwise directs) when it appears from the account that a fiduciary has paid the tax. The same subdivision of section 124 prescribes a method of recovery of the tax by the fiduciary who has paid it in behalf of persons in possession of property which was subject to tax but which never came into the possession of the executor. On the basis of these statutory provisions argument is made that no resort can be had to the court by a fiduciary until he has actually paid the tax. The court holds otherwise.

There is nothing in the section which prohibits the bringing on of a proceeding to determine the legal liability for the tax even before it is paid. In the case here for decision the question is one for construction of a clause in the will of deceased. All of the parties interested in the true estate of deceased and all parties succeeding to property rights which are taxable by reason of the death of deceased are interested in the construction of that clause of the will. The fiduciary is entitled to know what the clause means and entitled to have the court pass on it so that the course of the estate administration may be conducted properly. Just as in any other construction question the decree to be made is binding on all of the parties interested in the problem who have been duly cited to attend before the court. Even if there were no clause in the will dealing specifically with the payment of taxes the court still would be empowered to determine the respective obligations of the parties receiving property out of the tax estate of deceased. Nothing in the section forbids the fixation of that liability as a basis to immediate right of recovery of the proportions due from the respective recipients when and if any funds for their account are paid out of the true estate by the fiduciary. The sole limitation in the section is that the fiduciary may not collect the tax contribution in advance. The taxing authorities may proceed directly against each recipient of course but the fiduciary may not until he has paid funds of the true estate for the account of persons receiving property constituting part of the tax estate though not part of the true estate of deceased.

The quoted provision of the will relating to taxes is not obscure. It says that the direction for the payment of taxes is made " so that all legatees and devisees hereunder may receive their legacies and devises free and clear of all such taxes." In the plainest language, therefore, the operation of the clause is limited to the gifts under the will. The clause has no relevance to benefits derived otherwise by persons who receive property outside of the true estate. In consequence of this fact the statutory rule of apportionment prescribed by section 124 of Decedent Estate Law is applicable and all beneficiaries of property constituting the tax estate are to contribute proportionately after making allowance for exemptions, if any.

Submit, on notice, decree construing the will and settling the account accordingly.