In the Matter of the Estate of Jack E. Ungerfeld, Deceased.

Surrogate's Court, New York County, April 6, 1943.

*Carl J. Austrian* for Bank of the United States, for motion.

*Julius D. Freilecher* and *Martin Auslander* for Alys B. Ungerfeld, as administratrix, opposed.

*Leon Kauffman* for Alys B. Ungerfeld, individually, opposed.

DELEHANTY, S. There is pending in this court an accounting proceeding in which objections have been filed by a party who is plaintiff in an action in the Supreme Court. In that action the accounting fiduciary, deceased's widow, is a party defendant in her individual character. The action runs against her in her fiduciary character though no relief is sought against the estate proper. The sole relief sought is that certain transfers to the estate fiduciary as an individual be voided and the property so transferred be made available to the judgment creditor who is plaintiff in the action. In this accounting proceeding the judgment creditor is an objectant. It seeks by its objections to have brought into the estate properties alleged to be estate assets so that the total assets of the deceased may be disposed of in accordance with the statutes regulating the devolution of property.

Under section 19 of the Personal Property Law an estate representative has the power to disaffirm all transactions by a deceased person which are in fraud of his creditors. That section permits the bringing of the transferred property into the estate of the deceased for distribution through a decree of this court. The court's general power over the fiduciaries of estates (Surrogate's Ct. Act, § 40) is sufficiently broad to enable the court to control the action of any fiduciary whose personal interests are in conflict with his fiduciary duty. In an accounting proceeding, such as is now pending in this court, the power of the court is so broad as to enable it to dispose of all questions, legal and equitable, that may arise in relation to the estate affairs. (*Matter of Raymond* v. *Davis,* 248 N. Y. 67.) Only in the pending accounting proceeding can complete adjudication be made respecting the affairs of deceased. The pending action in the Supreme Court does not conflict with the pending accounting proceeding in this court. Since the Supreme Court action seeks no direction in respect of the fiduciary and seeks no relief in the matter of the estate administration, this court is not disabled from proceeding with the complete administration of the estate in the pending proceeding. The fact that the objections in some degree parallel the allegations in the complaint does not raise any conflict of jurisdiction.

Because of the situation just outlined the application for a consent to a transfer to this court of a pending Supreme Court action is denied as unnecessary to the disposition of the issues in the accounting proceeding. The court will hear those issues and will fully and finally dispose of them on the date already fixed for that hearing. It may well be that the decree to be

entered will dispose of the issues in the Supreme Court action by rendering a trial there unnecessary. That result will be incidental to the exercise by this court of its power to settle the affairs of the deceased.

Submit, on notice, order accordingly.