## In the Matter of the Estate of GABRIEL CAPLAN, Deceased.

Surrogate's Court, New York County, August 24, 1949.

*Solomon E. Star* for Edward Caplan, as executor of Gabriel Caplan, deceased, petitioner.

*Frank P. Woglom* for Joanne Caplan, respondent.

FRANKENTHALER, S.  This is an application for an order enjoining further use of assets alleged to have been transferred by deceased to his widow in fraud of creditors.  Under the pro-

visions of section 19 of the Personal Property Law, an executor " may, for the benefit of creditors or others interested in personal property," disaffirm and treat as void any fraudulent act done or transfer of property made by a deceased debtor (*McQuaide* v. *Perot,* 233 N. Y. 75), and such transferee " is liable to such executor  *  *  *  for the same or the value thereof " and for damages.

The executor asserts that at the time of transfer of the property, deceased was insolvent and that said transfers, made without consideration, constituted a fraud upon the rights of creditors (Debtor and Creditor Law, §§ 272, 273; *Rudin* v. *Steinbugler,* 24 F. Supp. 98, affd. 103 F. 2d 323). He seeks to enjoin any use by respondent of the transferred property until it shall be determined whether or not said property is in fact necessary to satisfy proper claims.

This court has jurisdiction to entertain an original application by an executor to annul a fraudulent conveyance pursuant to section 19 of the Personal Property Law (*Matter of Haber,* 151 Misc. 82; cf. *Matter of Weinberg,* 162 Misc. 867). Prior to the enactment of section 40 of the Surrogate's Court Act it had been held that it did not possess the power to resolve issues involving the validity of transfers made by a deceased debtor during his lifetime (*Matter of Bunting,* 98 App. Div. 122; *Richardson* v. *Root,* 19 Hun 473), as such adjudications involved the exercise of equity powers which the court did not then possess. The enactment of that section conferred upon this court such equity jurisdiction and removed the impediment to granting relief in this class of cases (*Matter of Haber,* 151 Misc. 82, *supra*; *Matter of Weinberg,* 162 Misc. 867, *supra*; see, also, *Matter of Ungerfeld,* 180 Misc. 783, and *Matter of Sanchez,* 58 N. Y. S. 2d 230). The court, in addition, has the power to restrain the dissipation or distribution of assets which properly belong to the estate or which should be applied, pursuant to some provision of law, to the use of those for whom the estate representative is acting (Surrogate's Ct. Act, §§ 20, 40; *Matter of Ashner,* 231 App. Div. 127).

The property transferred to respondent by deceased consisted of securities, moneys and certain jewelry. All of the property except two cash items has now been either placed in the joint control of executor and respondent or otherwise disposed of, thereby obviating the need for the actual issuance of an order granting an injunction as to that property. The disposition to be made of the remainder of the transferred property must now be considered.

The first of the cash items consisted of a check given to respondent by deceased on February 15, 1949, four days before his death. Deceased was employed by the drawer of the check, and the stub attached thereto was marked " additional compensation " for the period ending January 31, 1949. Respondent in her examination stated that those moneys represented earnings of the deceased. That money, therefore, constituted property of a type which would have been exempt from appropriation by a judgment creditor (Civ. Prac. Act, § 1196) and from proceedings brought supplementary to judgment (Civ. Prac. Act, § 792), due to the fact that they were earnings of the debtor for his personal services and which were shown to have been necessary to satisfy the reasonable requirements of the debtor and his dependents (Civ. Prac. Act, §§ 792, 1196; *Hancock* v. *Sears*, 93 N. Y. 79). Since the fund in question would have been exempt in the hands of the decedent from seizure by judgment creditors, its transfer to debtor's wife for the very purpose of support mentioned in the statute granting the exemption cannot constitute a transfer of " assets " (see Debtor and Creditor Law, § 270) by deceased in fraud of creditors (cf. *Everett* v. *Peyton*, 167 N. Y. 117).

The second question concerns the alleged deposits to and withdrawals of money by respondent from her account. Subsequent to deceased's death, she deposited $2,037.76 of her own funds in the same account in which were held the money transferred to her by deceased. Thereafter she made certain withdrawals in order to pay personal expenses, which exceeded the amount of the deposits of her own funds. Respondent asserts that the moneys actually withdrawn consisted only of funds received from her husband and not her own, thus leaving intact her own property as part of the balance. However, no proof has been offered to show any segregation of funds. The money received from her husband is traceable into that balance. No reason appears why subsequent expenditures should be regarded as having been made from the money received from her husband. From the facts thus far submitted it cannot be said that she did not consume her own funds. Respondent will therefore be enjoined from transferring the fund of $2,037.76.

The amount of the petitioner's undertaking will be fixed upon signing the order to be made hereon.

Submit, on notice, order accordingly.