Howard T. Hogan, J.
This motion to vacate the restraining provisions contained in a subpoena duces tecum is granted to the extent of 90% of the fund on hand.
*128 The judgment creditor seeks to obtain approximately $269, which is held by the Franklin National Bank in a checking account listed in the name of the judgment debtor’s wife. She has sworn that this fund contains the balance of salary earned by her husband for their current living expenses, and the judgment debtor has stated that the $269 represents the only funds which he and his wife have to support themselves and four children. There is no application to determine the amount reasonably necessary for their support.
CPLR 5205 (subd. [e], par. 2) provides as follows: “ (e) Income exemptions. The following personal property is exempt from application to the satisfaction of a money judgment, except such part as a court determines to he unnecessary for the reasonable requirements of the judgment debtor and his dependents: * * *
“ 2. ninety per cent of the earnings of the judgment debtor for his personal services rendered within sixty days before, and at any time after, an income execution is delivered to the sheriff or a motion is made to secure the application of the judgment debtor’s earnings to the satisfaction of the judgment ’ ’.
The restraining notice to the hank herein is dated January 14, 1965, and it appears that no income execution was in effect at that time. Had an income execution been in effect, the judgment creditor could have reached only 10% of the earnings of the judgment creditor in the absence of an order directing the payment of a greater percentage.
Today, the intricacies of raising a family virtually require that a checking account he maintained so that an accurate record of expenses incurred may be kept, and that a family can distribute the breadwinner’s salary in an orderly and commercially accepted manner. It is the very use of the salary to meet necessary expenses that is the basis for the income exemption.
In the case of Matter of Caplan (196 Misc. 631, 633) the Surrogate was presented with a somewhat similar question and held that: “ Since the fund in question would have been exempt in the hands of the decedent from seizure by judgment creditors, its transfer to the debtor’s wife for the very purpose of support mentioned in the statute granting the exemption cannot constitute a transfer of ‘ assets ’ ’
Another case in point is Matter of Edelman (172 F. Supp. 200) where the United States District Court for the Eastern District of New York was presented with an application to review the refusal of a Referee in Bankruptcy to turn over a *129 bank deposit to trustees. The case was decided under the New York Civil Practice Act by Judge Brtjchhausee", and no evidence was submitted other than the petition and the wife’s affidavit alleging that the bankrupt’s salary was subject to garnishee execution and all the money on deposit had been earned by her husband during supplementary proceedings conducted by the judgment creditor. No issue was raised as to the amount reasonably required for the debtor and his family. The court held that on these facts the Referee was justified in finding the money in the account to be salary, exempt under State law. (See, also, Matter of Widder Bros. v. Kaffee, 19 A D 2d 817 [1st Dept., 1963].)
CPLR 5205 (subd. [e], par. 2) is explicit in exempting 90% of earnings for services rendered within 60 days before the service of an income execution. (See, also, Rudley v. Rudley, 111 N. Y. S. 2d 665.)
The parties herein did not submit any bank records or other documentary evidence to establish the date of the deposit of the moneys in question. They were identified by the judgment creditor’s wife as funds intended to meet current living expenses, and her attorney stated that the earnings check was deposited on the same day the restraining notice was served.
The judgment creditor urges that the bank account consists of earnings of both the husband and wife and that title to the funds should be decided in an action at law. This is not necessary. (See Matter of Ruvolo v. Long Is. R. R. Co., 45 Misc 2d 136; see, also, CPLR 5240.)
It is unfortunate that there was a paucity of proof presented in this case. Nevertheless, on the facts before it, the court finds that the fund does represent earnings of the husband and, accordingly, the restraining notice should be vacated at least as to the amount which is exempt under statute. (See Matter of Edelman, supra.)
However, if the judgment creditor had served an income execution, he would be entitled to 10% of this salary.
In the case of Morris Plan Ind. Bank, of N. Y. v. Gunning (295 N. Y. 324) the Court of Appeals was faced with a similar problem. There, the judgment creditor had attached a fund which represented earnings of the judgment debtor. The court held that the attachment and garnishee statutes must be read together, and concluded that (p. 331): “ The warrant of attachment in the present case must be amended to provide that under it the sheriff may attach no more than 10% of the wages due and owing ”,
*130 Accordingly, the judgment creditor is entitled to 10% of the amount currently on deposit in the account in dispute. The order to he entered hereunder shall direct that the said 10% shall be turned over to the attorney for the judgment creditor to be applied in reducing the unpaid amount of the judgment. The said order shall also provide that the balance of the funds shall be released to the judgment debtor’s wife.