In the Matter of the Estate of LILLIE BELL RANDELL, Deceased.

Surrogate's Court, New York County, April 20, 1933.

*Davis, Polk, Wardwell, Gardiner & Reed*, for the petitioner.

*Duer, Strong & Whitehead*, for the respondent B. M. Townshend.

*Selden Bacon*, for the respondent Alice Martineau.

*Kirlin, Campbell, Hickox, Keating & McGrann*, for the respondents Katherine Garrison Biddle and Cornelia Van A. Chapin.

DELEHANTY, S. The will of the above named provided, among other things, as follows:

"*Fifth.* It is my earnest desire that all pecuniary legacies bequeathed by me shall be paid with the least possible delay after my death and I accordingly direct my executor and trustee to make payment thereof to the respective legatees above-named as promptly as possible after receipt of sufficient assets of my estate to enable them to do so and without waiting for the completion of the formal administration of my estate.

"*Sixth.* I direct my executor and trustee as soon as may be after my death to pay over to the Board of Trustees or other Governing Body for the time being of the Drexel Institute, Philadelphia, United States of America, all the rest and residue of my estate remaining after the payment of the legacies hereinabove set forth and all the expenses of the administration of my estate including inheritance and transfer taxes with the request that the said Board of Trustees shall designate the fund thereby accruing to the Drexel Institute as the " Randell-Van Rensselaer Fund " in affectionate and loving memory of the long and lasting intimacy which ever existed between my dear sister Letitia and the late Mrs. Alexander Van Rensselaer and myself."

The executor requests a construction of clause sixth of the will and particularly a determination of the meaning of such clause with respect to the burden of the estate taxes imposed by the laws of the United States and of the State of New York. The other parties in interest join in the request for a construction and urge that there should be a ruling that the general legacies provided for in the will are payable to the respective beneficiaries free of any deduction for any estate tax and free of the apportioned burden of estate taxes authorized by section 124 of the Decedent Estate Law.

The will was drawn in 1929 when the Federal estate tax was in effect but prior to the enactment of the New York State estate tax.

The language of clause fifth of the will, while not in itself final on the subject, does indicate a desire of testatrix that these legacies be paid promptly and in full. The language of clause sixth of the will, dealing as it does in the same sentence with expenses of administration and taxes, gives further support to the thought that legacies to the general legatees are payable without deduction. All doubt on the subject, however, is removed by a consideration of the fact that in clause sixth the gift to the residuary legatee is only of so much of the estate as remains after payment of the legacies, the expenses of administration and the taxes. Since the residuary legatee is a body coming within the category of those to whom legacies are free of tax, it must be held that the reference

to tax either is meaningless or is intended to cover tax of any sort imposed upon the general legacies. The word "inheritance" is broad enough to cover an estate tax in the connotation in which it is used. (*Farmers' Loan & Trust Co.* v. *Winthrop*, 238 N. Y. 488, at p. 493.)

The court having reached this conclusion, it follows (a) that all Federal and State estate taxes are payable out of the general assets of the estate; (b) that the will contains a direction against apportionment of the estate tax within the meaning of section 124 of the Decedent Estate Law of New York, and (c) that the general legacies are payable to the legatees in full without diminution.

The appearance and answer of the respondent B. M. Townshend are noted and the decree may recite the filing thereof.

Proceed accordingly.