In the Matter of the Accounting of JULIA HALLE et al., as Execu-
tors of IDA J. HALLE, Deceased.

JULIA HALLE, Appellant; WILLIAMSON PELL, JR., as Special
Guardian for ELIOT SCHAFFNER et al., Infants, et al., Respond-
ents.

First Department, May 3, 1946.

*Raymond A. Carter* of counsel (*Robert M. Benjamin* with him on the brief; *Spence, Hotchkiss, Parker & Duryee,* attorneys), for appellant.

*Williamson Pell, Jr.,* special guardian.

*Corning G. McKennee* of counsel (*Orrin G. Judd, Solicitor-General* with him on the brief; *Nathaniel L. Goldstein, Attorney-General*), for unknown beneficiaries.

CALLAHAN, J.   The question presented on this appeal is whether the will of Ida J. Halle contains a sufficient direction against apportionment of Federal and New York State estate **taxes.**

Section 124 of the Decedent Estate Law requires apportionment of Federal and State estate taxes, " except in a case where a testator otherwise directs in his will ".

Ida J. Halle died March 1, 1941, leaving a will dated March 5, 1938, which has been admitted to probate. The first article of the will provides: " First: I direct that all inheritance, estate, transfer and succession taxes be paid out of my residuary estate. * * * "

The fourth article of the will defines and disposes of the residuary estate. The first paragraph of said article reads as follows: " Fourth: All the rest, residue and remainder of all the property and estate, real, personal or mixed, which I may own or to which I may be entitled or over which I may have any power of appointment at the time of my death, of whatever nature and wherever situated, whether in the State of New York or elsewhere, including lapsed devises and lapsed legacies, after the payment of inheritance, estate, transfer and succession taxes and my debts and funeral expenses and the expenses of the administration of my estate, such rest, residue and remainder being herein referred to as my Residuary Estate, I give, devise, bequeath and appoint as hereinafter in this Article Fourth provided ".

The testatrix and her sister, Julia Halle, owned two bank accounts as joint tenants. The proceeds of these accounts became the property of Julia Halle on the death of her sister. The interest of the testatrix in said accounts was subject to Federal and State estate taxes as part of her gross estate.

The decree appealed from apportioned the taxes imposed on the bank accounts and required the payment of $7,254.27 thereof by the surviving sister, Julia Halle, who appeals from that requirement of the decree.

We consider an apportionment of taxes improper in this case. We find that the will directs, with sufficient clarity, the payment of the taxes on decedent's interest in said bank accounts from the residuary estate.

The dispositive provisions of the will, after providing for certain specific legacies to relatives of decedent and the devise of decedent's interest in certain real property, set up the residuary estate in the form of a trust, the income from which is to be paid to Julia Halle during her lifetime. Upon the life tenant's death, the trustees are directed to divide the trust fund into two parts. The first part is bequeathed to certain charitable uses, and the second part to the nieces and nephews of decedent living at the time of Julia Halle's death. The provi-

sions of the will plainly indicate that Julia Halle was the primary object of testatrix' bounty. The bank accounts affected by the taxes were in existence at the time the will was made, and had large balances at the time of decedent's death.

Considering all the circumstances, we find that it was the intention of testatrix to provide against apportionment of the taxes, including the taxes on the bank accounts involved. The will directs that all inheritance, estate, transfer and succession taxes be paid from the residuary estate. The Federal and State taxes upon the interest of decedent in the bank accounts are taxes which, by common parlance and by the statutes imposing them, were referred to as estate taxes or taxes upon the gross estate.

The interest of decedent in said bank accounts passed by transfer or succession upon her death, up to which time they remained her property and subject to her control.

The direction in the will for the payment of taxes is as broad and comprehensive as would seem possible. It directs the payment of " all " estate, transfer and succession taxes as well as inheritance taxes. We do not consider that the intention of testator to include taxes on the bank account was made uncertain or rendered doubtful because broad and all inclusive language was used. Conceding that more explicit words of narrower scope could have been used, skillful draftsmanship frequently calls for the use of broad language in preference to a narrower form.

Section 124 of the Decedent Estate Law provides that the direction against apportionment must be made in a testator's will. The will is the only place where one is permitted to speak in this regard. The fact, therefore, that a provision against apportionment is found in the will should not in and of itself lead to the inference that only the true estate passing under the will was intended to be included. When a testator directs that all taxes of certain classes be paid, taxes ordinarily understood and spoken of as being in such classifications should be deemed included.

We do not consider *Farmers' L. & T. Co.* v. *Winthrop* (238 N. Y. 488) as authority contrary to the views here expressed. The will involved in that case merely directed that all " inheritance " taxes be paid out of decedent's general estate. It made no reference to estate, transfer or succession taxes. The Court of Appeals construed the words inheritance taxes to mean " all taxes upon the transfer of property passing under her will and which, in common parlance, are known as ' inheritance taxes' ".

The court held that the testatrix in that case had not indicated an intention to include taxes on the transfer of property which had passed under a deed of trust executed by her during her lifetime.

In the course of its opinion in the case cited, the court said (p. 493): "While perhaps the testatrix in using the words 'inheritance taxes' may not have had in mind any technical distinction between 'inheritance' taxes and 'estate' or 'succession' taxes, we believe that if she had intended to make a specific direction to her executor to pay out of her general estate taxes on the transfer of property which did not pass under her will and which was not subject to distribution as part of her estate she would have used language which would have expressed her intention more aptly. On the other hand, we think that a direction by the decedent to her executor to pay inheritance taxes upon property passing under her will may not be construed as a direction that any tax or part of any tax which but for such direction would be paid out of her general estate should not be so paid."

We do not construe this statement to mean that in order to have property not passing under the will exempted from apportionment, a specific reference to said property is essential. The substance of the statement quoted was that the intention of the testator should be aptly expressed.

The matter of intention is to be determined in each case upon a consideration of the language used in the light of the surrounding circumstances.

Construing the testamentary provisions here in the light of all the circumstances, we are constrained to hold that there was a direction against apportionment which included the interests of decedent in the joint bank accounts.

The decree, so far as appealed from, should be modified accordingly and, as so modified affirmed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate of the County of New York for further action in accordance with this opinion.

MARTIN, P. J., DORE, COHN and PECK, JJ., concur.

Decree, so far as appealed from, unanimously modified in accordance with opinion and, as so modified affirmed, with costs to the appellant payable out of the estate, and the matter remitted to the Surrogate of the County of New York for further action in accordance with opinion. Settle order on notice.