In the Matter of the Accounting of BERNHARD H. LEVY, as Executor of EDWARD LASSERE, Deceased.

Surrogate's Court, Westchester County, April 1, 1949.

*Bernhard H. Levy,* in person, and *Otto Henschel* for executor, petitioner.

*William M. Winans* for Eva Lassere, objectant.

*Samuel S. Pines,* special guardian.

GRIFFITHS, S.  In this executor's accounting proceeding petitioner seeks a determination of the meaning and effect of the provisions of articles " First " and " Seventh " of the will dated September 29, 1947, and that the reasonable value of legal services rendered by the executor-attorney be fixed in the amount requested.  Objections have been interposed by the widow of the testator.

Under his will the testator gave to his wife, the objectant, two pecuniary bequests in the amounts of $2,500 and $1,200 respectively.  While the former bequest is unqualified, the latter is charged with an obligation on the part of the legatee to pay therefrom the sum of $20 per month to a sister-in-law of the testator " so long as the said  *  *  *  shall live or until the fund is exhausted ".  After making a bequest for masses in the amount of $200, the residuary estate is left in trust for the benefit of objectant for life with the remainder distributable to the testator's two stepsons, if living, or if deceased, to their respective lawful issue, if any.  Provision is made for the invasion of principal for the benefit of the objectant so that during the first four years following the death of the testator she will receive from income, and the balance from principal, a minimum sum of $2,500 per annum and thereafter a minimum sum of $5,000 per annum.  The objectant is also the beneficiary under policies of insurance upon the life of the testator and of United

States Government bonds in the aggregate sum of $16,058.18, which amount was included in the gross taxable estate.

The question presented is whether the testator intended that all estate taxes imposed upon every form of transfer, both testamentary and nontestamentary, should be paid out of the residuary estate.

The material paragraph of the will, numbered " First ", reads as follows: " First: I direct the payment of all my just debts, funeral and testamentary expenses, as soon after my decease as possible. All my inheritance, transfer and federal estate taxes shall be paid out of my residuary estate without any proration among any of my legatees".

In contending that the language of the will indicates an intent to provide against the mandatory apportionment provisions of section 124 of the Decedent Estate Law, it is urged that the will must be read in the light of the circumstance that the widow was presumably the chief object of the testator's bounty. Regardless of the circumstances or the effect of a testamentary provision, it is the duty of the court to give effect to a plain mandate of a will. (*Matter of Tamargo,* 220 N. Y. 225, 228.) Here it is evident that the testator did not intend to extend the direction against the apportionment of estate taxes to nontestamentary assets. The phrase " without any proration among any of my legatees" clearly qualified the direction that all " estate taxes shall be paid out of my residuary estate " and indicates an intent to confine the direction to testamentary benefits. (*Matter of Kalik,* 179 Misc. 872.) *Matter of Halle* (270 App. Div. 619, 621) is distinguishable in that there the testamentary directive was that all estate taxes be paid " out of my residuary estate ", without any qualification whatsoever. The court holds that the mandatory directions of section 124 of the Decedent Estate Law are applicable to the proceeds of the life insurance policies and the Government bonds payable to the widow. Objection numbered " II " is overruled and dismissed.

Article " Seventh " of the will permits the objectant to occupy the testator's residence " for such period of time as she may desire, not exceeding six months from the date of my death, without paying and (so in original) rent or charge for the Same ". The same article further provides that at the expiration of the six-month period objectant is permitted to remain " in my said residence as a monthly tenant " at a rental of $100 a month " as long as she may desire ". Although the

objectant has occupied the said premises since the date of testator's death which occurred on October 7, 1947, petitioner alleges that she has refused to pay the rent reserved in the will for the period subsequent to the expiration of the six months' period. In support of her contention that she should be permitted to occupy the premises rent free objectant has secured from the two remaindermen written consents to such occupancy. Even assuming, without deciding, that reliance upon the proffered consents would justify the court in adopting the requested construction under proper circumstances, the contingent nature of the interests of the remaindermen makes it impossible to give any effect to their acts. Upon said refusal of objectant to comply with a demand for payment of the stipulated rent, petitioner withheld sufficient of the income received from other assets of the estate to discharge the rent obligation.

The provisions of the will permitting objectant to occupy the premises at the stated rental are unambiguous and constitute an offer which she was free to accept or reject. Having elected to occupy the premises subsequent to the expiration of the six months' period following the death of the testator, objectant became a tenant of the trustee and as such assumed the rent obligation specified in the will. Did the testator intend, however, that objectant assume any obligation or obligations in addition to the stipulated rent? The court is of the opinion that he did not. It is to be noted that the provision of the will with respect to the first six months' period permits objectant to occupy the premises " without paying and (so in original) rent or charge for the Same ". The effect of this direction is to permit objectant to occupy the premises during such period " rent free " and the parties have so construed the will. The succeeding provision for her occupancy during the subsequent period must be read in the light of the preceding provision and when so read it is evident that the testator did not intend that objectant pay, directly or indirectly, for such occupancy of the premises any amount in addition to the monthly rental of $100. The will is so construed. It follows that the principles governing the usual relationship of landlord and tenant are inapplicable and all obligations for both carrying charges and repairs, ordinary ones as well as structural ones, are payable by the trustee.

Objections numbered " I " and " III " are accordingly overruled and dismissed. Objections numbered " IV ", " V ", and " VII " have been withdrawn.

The reasonable value of the legal services rendered by the executor is fixed in the amount of $3,000 and objection numbered " VI " relating thereto is disposed of accordingly.

Permission to abandon as worthless the securities stated in the account to have no value is granted.

Settle decree on notice in accordance with this opinion and decision and the provisions of the stipulation of counsel dated February 23, 1949.