In the Matter of the Accounting of Victor N. Barton et al., as Executors of Anna R. Frank, Deceased.

Surrogate's Court, New York County, June 13, 1949.

*Edwin Kessler* for executors, petitioners.

*John F. O'Ryan,* special guardian for Nancy Oettinger and others, infants, respondents.

*Stewart & Shearer* for United States Trust Company of New York, as trustee under the will of Anna R. Frank, deceased, respondent.

FRANKENTHALER, S. One of the trustees of the residuary trusts created by decedent's will has filed objections to the account of the executors upon the ground that they have neglected to apportion part of the taxes to the transferee of certain property which by the terms of the will was bequeathed and devised to said transferee.

Section 124 of the Decedent Estate Law provides for the equitable proration of Federal and State estate taxes among the persons interested in the estate " except in a case where a testator otherwise directs in his will ".

Testatrix in the will under consideration provided that " all legacies, devises and bequests provided for in this will shall be paid to the several legatees and devisees free from any and all legacy, transfer, inheritance, estate or succession taxes, state or federal, and that all such taxes payable with respect thereto shall be paid out of my residuary estate."

Prior to her death she transferred certain of the property specifically enumerated in the will to the named beneficiary thereof. That property was in due course included in the estate for the purpose of taxation. Objectant now contends that this property, not having passed under the will, the recipient thereof is not to be accorded tax immunity by virtue of the stipulation against apportionment and that a prorata share of the taxes must therefore be assessed against the beneficiary.

A testator may by an intention clearly expressed, charge his residuary estate with the payment of all transfer, estate or succession taxes on gifts or devises made by him (*Matter of Duryea,* 277 N. Y. 310; *Matter of Stetson,* 168 Misc. 836), but evidence of that intention must be clear and unambiguous (*Matter of Mills,* 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). No precise words are necessary to indicate the intention to deny apportionment, so long as that intention clearly appears from the words of the instrument (*Matter of Halle,* 270 App. Div. 619; *Matter of Randell,* 147 Misc. 358).

Where property which is subject to possible contribution has been transferred to the donee separately and apart from any disposition by will the courts have construed directions to pay estate taxes out of the residue as not comprehending taxes resulting from these *inter vivos* transfers (*Matter of Mills, supra; Matter of Appel,* 189 Misc. 417; *Matter of Sykes,* 53 N. Y. S.

2d 442; *Matter of Bull,* 175 Misc. 197; *Matter of Corlies,* 174 Misc. 459). The case before the court involves no such independent transaction. The testatrix provided a specific bequest and devise of property. She anticipated the distribution under the will by transferring the property *inter vivos* to the intended beneficiary. Testatrix had a fixed plan for the distribution of her eventual estate. Prior to that time she expressed by her acts a desire that the recipient, her daughter, should have an earlier benefit of the property, which included certain jewelry and residential property. Her anticipatory transfer constituted but an advancement on her will previously executed and remained a part of the testamentary scheme. (See *Matter of Hart,* 184 Misc. 375.) From all indications in the will and from her acts she deemed this early transfer as a part of the final distribution, as distinguished from the ordinary *inter vivos* transfer which is not referrable to a will or any direction clause contained therein. In fact, testatrix provided that the beneficiary should not record the deed to the realty until after her death, further indicating an intention to utilize this grant as part of that ultimate scheme which she evidenced in her will. Although technically the legal effect of the delivery of the deed might be to transfer the title *inter vivos,* yet we are here only concerned with whether or not the transfer was so connected with the will as to be comprehended within decedent's direction that taxes should be paid not out of her specific bequests but out of the residue. There is no doubt concerning her intention that the grants while made *inter vivos* were unequivocally referrable to the will.

Testatrix provided that taxes on " all legacies, devises and bequests provided for in this will shall be paid out of the residuary estate ". The property here in question was " provided for " in the will, and the anticipation of the devise and bequest does not alter this fact. It need not in this case pass through or under the will to be tax exempt so long as the will directly refers to the property in question. It is enough that at the time of the execution of the will testatrix expected that these properties would in the ordinary course of events pass under the will and were " provided for " in the will. Intention is formed at the time of execution and at that time the property here in question and the recipients thereof were directed to receive tax immunity. Viewed at that moment, there is the clearest expression of an intent to exclude the property to question from contribution.

Submit, on notice, decree settling the account accordingly.