In the Matter of the Accounting of EDWARD J. LEMMERMAN, as Administrator with the Will Annexed De Bonis Non of FRED C. LEMMERMAN, Deceased, and as Executor of MABEL L. LEMMERMAN, Deceased Executrix of FRED C. LEMMERMAN, Deceased.

Surrogate's Court, Queens County, January 12, 1951.

*Loshen & Lazarus* for administrator *de bonis non.*

*John P. Gering* for Ann Meyran.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

SAVARESE, S. In this accounting proceeding by an administrator with will annexed *de bonis non* a construction of the will is sought to determine whether estate taxes paid should be apportioned against recipients of nontestamentary property. The taxable estate included insurance, war savings bonds, and a savings bank trust account all payable to various named beneficiaries. The will devised and bequeathed the entire testamentary estate to the widow. At the time testator made his will on January 28, 1938, and at the time of his death on October 21, 1947, section 124 of the Decedent Estate Law provided that Federal and New York State estate taxes '' shall be equitably prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues '', '' except in a case where a testator otherwise directs in his will ''. If any tax is allocable to nontestamentary property the statute imposes a duty upon the executor to collect it from the persons receiving the same.

In paragraph '' 9 '' of the will testator provided as follows: '' I order and direct that all transfer, succession and inheritance taxes be paid out of my general estate, so that the same shall not be chargeable to, or paid by, any devisee or legatee herein named.''

The issue is whether the above language constitutes a direction against apportionment.

An intent to depart from the statutory rule of apportionment must be '' clearly expressed '' in the will (*Matter of Duryea,* 277 N. Y. 310, 316), or found in the circumstances of the particular case. (*Matter of Brokaw,* 293 N. Y. 555, affg. 267 App. Div. 811, affg. 180 Misc. 490; *Matter of Halle,* 270 App. Div. 619.) An unqualified or unrestricted direction to pay

" all " death taxes out of the general or residuary estate may constitute a stipulation against apportionment. (*Matter of Halle, supra; Matter of Staheli,* 57 N. Y. S. 2d 185, affd. 271 App. Div. 788; *Matter of Huhn,* 58 N. Y. S. 2d 287.) But where the death taxes referred to are those " imposed upon my estate or any part thereof " or " which may accrue hereunder " no intent to extend the direction against apportionment to non-testamentary assets may be inferred. (*Matter of Mills,* 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; *Matter of Bayne,* N. Y. L. J. Dec. 28, 1950, p. 1728, col. 3, [GRIFFITHS, S.].) Similarly, where the generality of the direction in the will to pay death taxes out of the residuary estate is qualified by language indicating an intent to exonerate devisees and legatees named in the will, no intent to exonerate nontestamentary beneficiaries is implied. (*Matter of Ryan,* 178 Misc. 1007, affd. 265 App. Div. 1051; *Matter of Pennock,* 172 Misc. 10, 19; *Matter of Corlies,* 174 Misc. 459; *Matter of Bull,* 175 Misc. 197; *Matter of Kalik,* 179 Misc. 872; *Matter of Lassere,* 195 Misc. 771; *Matter of James,* 199 Misc. 44; cf. *Matter of Higgins,* 99 N. Y. S. 2d 463, and *Matter of Vanderbilt,* 99 N. Y. S. 2d 788.)

Taking the language of this testator's will as I find it, it is my opinion that the testator disclosed his purpose in directing that death taxes be paid out of his general estate by adding the phrase " so that the same shall not be chargeable to, or paid by, any devisee or legatee herein named." No mention is made of beneficiaries receiving property of his apart from his will. In the absence of a clear expression of intention to vary the statutory rule of apportionment as to nontestamentary property, the court holds that apportionment is required.

One further point must be considered. Certain war savings bonds were in the joint names of decedent and a nephew who resides in Pennsylvania. He was served by publication only and has not appeared in this proceeding. He takes nothing under the will and has no property subject to the decree of this court. Under such circumstances, the court is without jurisdiction to direct him to contribute his prorata share of the estate taxes paid. (*Matter of Buckman,* 270 App. Div. 707, affd. 296 N. Y. 915, certiorari denied 332 U. S. 763; *Matter of Zahn,* 300 N. Y. 1.) The other nontestamentary beneficiaries have been served personally within the State. They are directed to contribute to the accounting party their proper shares of the estate taxes. Account settled. Submit decree on notice.