In the Matter of the Accounting of CITY BANK FARMERS TRUST COMPANY et al., as Executors of ELINOR S. TOWNSEND, Deceased.

Surrogate's Court, New York County, September 5, 1951.

*William L. Seibert* for executors, petitioners.

*Stewart & Shearer* for Trustees of Princeton University, respondent.

*Ferdinand Tannenbaum,* special guardian for Danielle F. Mamboury, an infant, respondent.

*Conrad Milliken* for Patricia E. S. Mamboury, respondent.

*Cadwalader, Wickersham & Taft* for Bank for Savings in the City of New York, respondent.

*Leo D. Fitzgerald* for Equitable Life Assurance Society of the United States, respondent.

*Mitchell, Capron, Marsh, Angulo & Cooney* for Mary A. Townsend and others, executors of S. De Lancey Townsend, deceased, respondent.

Frankenthaler, S. The issues raised by the objections to the account relate primarily to the problem of allocating estate taxes.

The special guardian has argued that his ward, the beneficiary of a Totten trust, is under no obligation to contribute to the payment of the taxes on the ground that the bank account was improperly included in the taxable estate. This objection is overruled as " The court is bound by the actual fact of inclusion or exclusion of property by the taxing authorities." (*Matter of Kaufman*, 170 Misc. 436, 445.) The bank will be directed to pay the taxes apportioned to the account, and the general guardian of the infant will be directed to present the passbook to the bank for notation of said payment.

A granddaughter of deceased, the designated secondary beneficiary of one of the insurance policies included in the taxable estate, argues that the will contains a direction exonerating all nontestamentary benefits from the payment of taxes levied against them. The direction of payment of taxes reads as follows: " Twelfth: I hereby direct my Executors to pay out of my residuary estate all estate or other death taxes of any nature whatsoever that may be imposed upon my estate or any transfer made under this my will, and I direct that such taxes shall not be chargeable to any legatee named in Paragraph ' Second ' hereof."

It is now well established that the use of such language does not exonerate persons receiving property from sources outside of the will from their proportionate share of taxes (Decedent Estate Law, § 124, subd. 4; *Matter of Mills*, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; *Matter of Boyd*, N. Y. L. J., Dec. 23, 1949, p. 1759, col. 3). The direction in the quoted text that " taxes shall not be chargeable to any legatee named in Paragraph ' Second ' " makes it impossible to state with certainty what the testatrix may actually have had in mind. Under the authorities the court cannot resolve the ambiguity in favor of the beneficiary and the objection is overruled.

The Equitable Life Assurance Society which issued several policies of insurance on the life of deceased and retains the proceeds of some of them under option agreements, will be directed to pay the taxes apportioned thereto from the proceeds of these policies, and the beneficiaries will be required to submit the certificate of deposit for indorsement reflecting the amount of the payment. As the proceeds of one policy have been transferred to the beneficiary, Charles B. Squier, apportionment as to that policy will be directed against him indi-

vidually. The insurer is in error, however, in its argument that those policies containing so-called " spendthrift clauses " are not liable for tax payments. Not alone does the rule of *Matter of Kaufman* (*supra*) forbid the result suggested, but, in addition, it is impossible to give any effect to a stipulation against apportionment which does not appear in the will itself. (Decedent Estate Law, § 124, subd. 1; *Matter of Halle,* 270 App. Div. 619; *Matter of Appel,* 189 Misc. 417.)

The personal claims of the accounting parties are allowed in the amounts requested. Commissions are payable to the estate of the deceased fiduciary at one half of the statutory rate for " commissionable " assets received during his lifetime and one half of the statutory rates for like assets paid out during his lifetime. (*Matter of Bushe,* 227 N. Y. 85; *Matter of Barker,* 230 N. Y. 364; *Matter of Mohr,* 167 Misc. 523.)

Submit decree on notice.