In the Matter of the Accounting of JANET B. DIMOND, as Executrix of EMILY W. BISSELL, Deceased.

Surrogate's Court, New York County, January 30, 1953.

*Charles S. Reilley* and *Charles G. Rodman* for executrix, petitioner.

*James P. Callender* for George Mura, respondent.

*Leo D. Fitzgerald* for Equitable Life Assurance Society of the United States, respondent.

*Le Vine & Schechter* for Prudential Life Insurance Company of America, respondent.

*A. Amasa Miller* for Mutual Benefit Life Insurance Company, respondent.

*Thomas J. McNamee,* special guardian for Walter N. Dobson, III, and another, infants, respondents.

Collins, S. In this accounting proceeding the executrix requests approval of a proposed apportionment of the Federal and State estate taxes made pursuant to section 124 of the Decedent Estate Law. The decedent died on November 10, 1945. By the Tenth paragraph of the will, she directed that the taxes on property passing under her will should be paid out of the residuary estate. It is conceded that this direction does not exonerate nontestamentary property included in the gross taxable estate from bearing its proportionate share of the taxes.

Three insurance policies on the life of decedent, two issued by the Equitable Life Assurance Society and one by the Prudential Insurance Company of America, were included in the gross taxable estate and as to these policies it is not disputed that they must bear their proportionate share of the taxes. Also included in the taxable estate is a term annuity contract for twenty years on the life of decedent's daughter, issued on March 5, 1937, by the Mutual Benefit Life Insurance Company. This contract of insurance was purchased by the decedent by the payment of a single premium of $20,000 and provides that during the joint lives of the decedent and her daughter the monthly annuity of $103.60 was payable to the decedent. After decedent's death the payment is to be made to the annuitant until the maturity date of the contract in the year 1957 or her prior death. On the same date the same company, upon payment of a single premium of $31,562 by the decedent, issued a twenty-year single premium endowment policy in the sum of $50,000 on the life of decedent's daughter. Under its terms, if the policy matures as a death claim during the lifetime of this decedent or if the policy shall mature as an endowment the insurance company is to hold the proceeds and make monthly payments of income to this decedent, if living, otherwise to the daughter, if living. Upon the death of the survivor of this decedent and her daughter the principal amount is payable to the then living issue, if any, of the daughter, otherwise to the executors, administrators or assigns of this decedent. The policy also provided that the decedent herein was to have the exercise of all rights and options in the policy during her lifetime and prior

to the maturity thereof and after her death, her daughter, the insured was to have no rights other than to receive dividends during her life.

The insurance company resists apportionment on the ground that the annuity contract had no cash surrender value and the endowment policy had not matured as a death claim or an endowment at the time of decedent's death. The company contends that it is not in possession of " property required to be included in the gross estate " within the meaning of section 124 of the Decedent Estate Law; that upon receipt of the premiums for the annuity contract and the endowment policy the moneys became amalgamated with the general funds of the company; that the " property " included in decedent's taxable estate was the bundle of contract rights which was available to the decedent under the terms of the annuity contract and endowment policy and not the premiums paid to the company when such contracts were issued.

All of these contentions were fully considered and rejected by Surrogate Delehanty in *Matter of Scott* (158 Misc. 481) at pages 484 and 485. That decision was affirmed in the appellate courts (249 App. Div. 542, affd. 274 N. Y. 538, certiorari denied, *sub nom. Northwestern Mut. Life Ins. Co. v. Central Hanover Bank & Trust Co.*, 302 U. S. 721). The reasoning in that decision is applicable and controlling in the present situation and a restatement thereof is unnecessary.

The policies in question were included in the gross taxable estate by the taxing authorities and this court " is bound by the actual fact of inclusion or exclusion of property by the taxing authorities." (*Matter of Kaufman,* 170 Misc. 436, 445; *Matter of Townsend,* 200 Misc. 740.) " It takes the accomplished fact of taxation and then allocates the burden on the basis of actuality of tax." (*Matter of Kaufman, supra.*) As the tax has been paid on decedent's property in the policy and annuity contract and the will does not exonerate nontestamentary beneficiaries from contributing proportionately the tax must be recouped.

The proposed apportionment of the taxes is approved. The court therefore directs the Mutual Benefit Life Insurance Company to pay the amount of the estate tax allocable against the annuity contract and the endowment policy as shown in the affidavit amending the account of the executrix. The beneficiaries holding any evidences of interest in the insurance policies are directed to return such evidences to the company for indorsement or for cancellation or for reissue of appropriate

certificates evidencing more accurately the actual interests of the respective beneficiaries.

A hearing on the question as to whether or not the legacy given to George Mura in subdivision 5 of paragraph Fourth of the will lapsed will be held before me on the 11th day of February, 1953, at 10:30 A.M. Thereafter a decree may be submitted on notice settling the account accordingly.