Joseph A. Cox, S.
The petitioners in this application for the settlement of the executors’ account have sought the court’s instructions concerning the manner in which estate taxes are to be apportioned. In paragraph Ninth of her will, testatrix made the following provisions: “ I direct that all succession, inheritance, transfer and estate taxes which may be chargeable against any of the persons to whom legacies are herein-before given or against the property so bequeathed or against the money or property which they may become entitled to receive hereunder shall be paid out of my residuary estate.”
There was included by both the Federal and the State tax authorities as part of the taxable estate the principal of an inter vimos trust created by decedent under date of August 10, 1944. Because of the inclusion of this property in the taxable estate the following questions have been submitted for decision: (1) Does the text of the will set forth above constitute a direction against apportionment within the meaning of section 124 of Decedent Estate Law so as to exonerate the beneficiaries of the inter vivos trust from contributing to the discharge of the total tax burden? (2) If it does not, should taxes be apportioned among- the beneficiaries of the inter vivos trust on the basis of their respective interests therein, and (3) If apportionment is directed, are the inter vivos trust beneficiaries entitled to the sole benefit of the Federal gift tax credit paid in connection with the inter vivos transfer?
There is unanimous agreement on the part of the persons who have taken a position in this proceeding that all of the preresiduary bequests provided for in the will pass free of taxes by reason of the directions of the testatrix. This is a proper interpretation of the will and such taxes as are attributable to those legacies will be deducted before the establishment of the residuary estate which goes in its entirety to charity, subject to a charge for two annuities.
*945 Four of the five persons named to take the remainder of the inter vivos trust are named as legatees in the will. One of them is also a coexecutor. It is his position that the directions contained in the first of the three clauses set forth in article Ninth of the will excuse the legatees who share in the inter vivos trust from making any contributions to the total tax burden. That direction exonerates persons to whom preresiduary legacies are given from the payment of any part of the estate taxes ‘1 which may be chargeable against any of [them] ”. It is quite clear, however, that in the context in which this language is found, reference is being made to the taxes due upon the legacies such persons are entitled to receive under the will and not to their interests in the inter vivos trust. Certainly, if there is any ambiguity that would permit the court a choice in the matter, and the court believes there is none, it must be resolved under the authorities in favor of the application of the statute so as to require apportionment (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012). As the Court of Appeals has said in Matter of Pepper (supra, p. 251): “In case of doubt as to what the will means on the subject of taxes the statutory direction to apportion is absolute.”
It is held that the will does not contain a stipulation against the apportionment of taxes with respect to the inter vivos trust and it must bear its share of the taxes. This court will make no direction as to the apportionment of the tax burden within that trust.
The testatrix paid a gift tax in connection with the creation of the inter vivos trust and this tax has been credited against the Federal estate tax assessed against the estate. Such credit redounds to the advantage of the entire group charged with the tax burden and is not confined to the donees of the inter vivos transfer (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707). The 1950 amendment to section 124 of the Decedent Estate Law adopted the rule of the last-cited decision as existing law (Decedent Estate Law, § 124, subd. 3, par. [iii]).
Submit decree on notice construing the will.