Anthony P. Savarese, S.
The questions propounded by the executor under the last will and testament of Clarence A. Fair-child, deceased, in this construction proceeding are answered as follows:
Questions 1 and 2: Paragraph “ sixth ” of the will provides that after the payment of all debts and expenses, the residuary estate should be divided into 50 parts. One part was bequeathed to the Hopewell Society, which, after several consolidations, is now known as the Leake and Watts Children’s Home. The provision in the will for Hopewell Society reads as follows:11 sixth : * * * I give a one-fiftieth part to each of the seven following named persons and corporations, abso *274 lutely, provided, in each case, that she or it survive me: * * * (2) Hopewell Society, having its place of business at Number 218 Gates Avenue, Brooklyn, New York (the said fund to be used for the benefit of the Gould Guest House now situated at Number 27 Monroe Street, Brooklyn, New York)
It is submitted by several of the residuary legatees that since the Gould Guest House is no longer in existence, the legacy provided for Hopewell Society must lapse. This court takes a contrary position. From the testator’s own words it is clear that he intended to make an absolute gift to the Hopewell Society. The parenthetical words following the absolute legacy are apparently indicative of the testator’s desire that so long as the Society conducted Gould Guest House the fund was to be used for that purpose. Since the suggested application of the fund is no longer possible, the legatee is free to use the fund in any manner within its general charitable functions. Accordingly, the court finds that the gift in question vested in the Leake and Watts Children’s Home, successor by consolidation to Hopewell Society, at the testator’s death and does not lapse.
Question 3. Section 17-b of the Personal Property Law reads in part as follows: “ Unless otherwise expressly provided by the will of a person dying after this act takes effect, all income from real and personal property earned during the period of administration of the estate of such testator and not payable to others or otherwise disposed of by the will shall be distributed pro rata as income among the beneficiaries of any trusts created out of the residuary estate of such testator and the other persons entitled to such residuary estate.”
There being no expression to the contrary in the will of the decedent, all interest or income earned by his estate from the date of his death is distributable proportionately among the residuary legatees and persons designated as income beneficiaries of the trusts of the residuary estate.
Question 4(a). The question for determination is whether the testator’s instructions regarding tax apportionment are sufficiently broad to cover nontestamentary, as well as testamentary dispositions. Paragraph “fifth” of the will provides: ‘ ‘ fifth : All estate, transfer and inheritance taxes on the devises provided for in Paragraph Second and Third hereof, and on the bequests provided for in Paragraph Fourth hereof, shall be paid by my Executor out of my general estate.”
Paragraph sixth, the residuary clause of the will, begins as follows: “ sixth: Of all the rest, residue and remainder of my *275 estate, real and personal, after payment of all my debts and of the expenses of my estate, including expenses of administration and all estate, transfer and inheritance taxes, I give ” and goes on to dispose of the remainder of the estate.
Subdivision 4 of section 124 of the Decedent Estate Law provides: “Any direction as to apportionment or nonapportionment of the tax, whether contained in a will or in a non-testamentary instrument, shall be limited in its operation to the property passing thereunder unless such will or instrument otherwise directs.”
The general purpose of section 124 is to require apportionment of Federal and State estate taxes except where a testator otherwise directs in his will. However, the mere presence in the will of a provision relating to apportionment of estate taxes is not sufficient to render section 124 inoperative. (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Pepper, 307 N. Y. 242.) Where a direction in the will to pay estate taxes out of the residuary estate is qualified by language indicating an intent to exonerate devisees and legatees named in the will, no intent to exonerate nontestamentary beneficiaries is implied. (Matter of Ryan, 178 Misc. 1007, affd. 265 App. Div. 1051; Matter of Corlies, 174 Misc. 459; Matter of Lassere, 195 Misc. 771; Matter of Lemmerman, 199 Misc. 49.)
From the testator’s own. language he clearly disclosed his purpose by providing in paragraph “ sixth ” for the payment of “ all estate, transfer and inheritance taxes ” out of the residuary after expressly limiting the direction against apportionment of estate taxes contained in paragraph “ fifth” to preresiduary devises and bequests. Neither paragraph makes mention of beneficiaries receiving property of the testator apart from the will. In the absence of a clear expression of intention to extend the direction against apportionment to nontestamentary property, the court holds that apportionment is required by the statute. (Matter of Lemmerman, supra.)
Question 4(b). The remaining question to be disposed of is whether the estate taxes payable out of the residue are to be apportioned among the residuary legatees. A careful reading of paragraph “ fifth ” and “ sixth ” above discloses that the testator intended that the residuary estate be computed by subtracting debts, administration expenses and all estate taxes payable on the preresiduary devises and bequests. These general provisions for the payment of taxes do not constitute a direction against apportionment of estate taxes within the *276 residuary estate. (Matter of Bayne, 102 N. Y. S. 2d 525.) The charities which receive residuary legacies are entitled to the full benefit of the deductions which the law affords them in respect of such legacies. (Matter of Pratt, 123 N. Y. S. 2d 425.) The court will follow the formula for the apportionment of taxes within the residuary as prescribed in Matter of Slade (4 Misc 2d 616, 619).
Submit decree on notice construing the will in accordance with the foregoing.