■ THOMAS BORNSTEIN, Respondent, v. WILBUR G. SILVERMAN, Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ ATEX ESTATES, INC., Appellant, v. ALFRED P. SLOAN FOUNDATION, INC., Respondent.— Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ.

■ In the Matter of the Accounting of ORWILL V. W. HAWKINS et al., as Executors of BEATRICE M. BROS, Also Known as BEATRICE M. MILLER, Deceased, Respondents. GEORGE D. GARTLAND, Appellant-Respondent; NEW YORK UNIVERSITY, Respondent-Appellant; ROBERT BROS et al., Respondents.— Decree unanimously affirmed, with costs to all parties appearing separately and filing briefs, payable out of the estate. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and Stevens, JJ. [11 Misc 2d 943.]

■ In the Matter of the Estate of JACOB BOZON, Deceased. EVSEY EMELIANOW, Respondent. MARY URBOVICT, Appellant.— Decree and orders unanimously affirmed, with costs. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ SHIRLEY SALZMAN et al., Respondents, v. SOL LIPMAN et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.

■ CHARLES VIDOR, Respondent, v. OSCAR SERLIN et al., Appellants, and ROMOLA NIJINSKY, Respondent.— Judgment unanimously modified, on the law and on the facts, to dismiss the cross complaint of the defendant Serlin against the defendant Nijinsky, and, as so modified, affirmed, with costs to respondents. On this record the 1940 agreement between Bass and Mrs. Nijinsky did not transfer any rights in the book "Nijinsky", to Serlin. The dramatic rights were not separately assignable without consent. Nor was the proof sufficient to establish that Mrs. Nijinsky, with full knowledge of what had gone before, had ratified the assignment. In any event, whatever rights Serlin or his assignor might have acquired were lost as the result of the breach of Bass' managerial obligations under the purported agreement, assuming that the initial agreement was not voidable on the various grounds urged by defendant Nijinsky. Settle order on notice. Concur — Breitel, J. P., Rabin, M. M. Frank, Valente and McNally, JJ.