John J. Dillon, g.
The objections interposed to this executor’s final accounting proceeding require the court to determine whether the will contains a clear direction with respect to the source of payment of estate taxes imposed upon non-testamentary as well as testamentary assets.
The testator died a resident of Westchester County on March 8, 1956, and his will dated December 15,1953 was duly admitted to probate pursuant to a decree of this court dated April 2,1956. Article “First” of the will provides as follows: “First: I *337 direct that all my just debts and funeral expenses be paid as soon after my decease as possible; and I further direct that all estate, inheritance or other taxes levied as the result of my decease be paid by and out of my estate and that no one who receives any assets as the result of my decease shall be called upon to contribute toward the payment of such taxes. ’ ’
Under article “ Second” of his will, the testator created a trust for the benefit of his sister consisting of “ twenty-five (25%) percentum of my net estate ” and authorized his trustees to invade said trust fund “ as in their judgment they deem necessary for her mental and physical welfare and her medical care.”
Under article ‘ ‘ Third ’ ’ the testator created a trust for the benefit of his wife consisting of £ 1 all the rest, residue and remainder of my net estate ” and likewise authorized his trustees ‘ ‘ to invade said trust fund for the mental and physical welfare ” of his wife and for “ her funeral expenses and those of her last illness ’ ’. By article 1 ‘ Fourth ’ ’ the testator directed that upon the termination of both of the aforesaid trusts each of six named individuals was to receive 10% of that portion of his estate which remained ‘ ‘ ultimately undisposed of ’ ’ and the Massachusetts Institute of Technology was to receive the remaining 40% thereof.
The testator’s wife died within one week after the death of testator and his sister died on November 28, 1956, less than one year after his death. The trusts provided for under articles “ Second ” and “Third ” of the will were not formally erected.
A reading of article “ First” of the will (supra) indicates that the draftsman applied broad and all-inclusive language with respect to the payment of taxes. In Matter of John (75 N. Y. S. 2d 693, 695) this court held that a direction to pay all “ succession or inheritance ” taxes “ out of the principal of my estate ” constituted a direction for payment from estate assets of taxes imposed upon nontestamentary assets as well as testamentary assets. In so holding, the court said: “ It is well settled that the provisions of § 124 of the Decedent Estate Law are controlling in the absence of a clear and definite direction in the will to the contrary. * * * Although it has been stated that a direction against the statutory apportionment is strictly construed (Matter of Clark’s Estate, 169 Misc. 202; 7 N. Y. S. 2d 176), a clearly expressed intention to prevent the operation of the statutory rule is controlling. Matter of Duryea’s Estate, 277 N. Y. 310,14 N. E. 2d 369,124 A. L. R. 647. An unequivocal direction that ‘ all ’ estate taxes be paid out of the residue of the testamentary estate has been held sufficient to indicate an *338 intent to include nontestamentary gifts. Matter of Halle, 183 Misc. 858, 51 N. Y. S. [sic] 375, modified 270 App. Div. 619, 61 N. Y. S. 2d 694.” To the same effect see Matter of Harbord (197 Misc. 760, affd. 281 App. Div. 850) and Matter of Vanderbilt (99 N. Y. S. 2d 788).
In view of the fact that the testator directed that ‘ ‘ all estate, inheritance or other taxes levied as the result of my decease be paid by and out of my estate ’ ’ and expressly directed that ‘ ‘ no one who receives any assets as the result of my decease shall be called upon to contribute toward the payment of such taxes ”, the court determines that testator also exonerated the recipients of nontestamentary assets from the payment of estate taxes imposed thereon. The objections relating to the payment of such taxes with estate funds are, therefore, dismissed.
The next issue to be determined is whether or not the will contains a direction against the apportionment of estate taxes, requiring that the estate taxes be paid out of the residuary estate without apportionment therein. Section 124 (subd. 3, par. [ii]) of the Decedent Estate Law provides that ‘ ‘ In the absence of directions to the contrary * * * any exemption or deduction allowed under the law imposing the tax by reason * * * of the charitable purpose of the gift shall inure to the benefit of the person * * * receiving such * * * charitable gift ”. It is argued in behalf of Massachusetts Institute of Technology that that institution has not received the full benefit of the charitable deduction attaching to the gift to it of the remainder interest in 40% of the trusts.
A hearing was held and the evidence adduced at such hearing established that the taxing authorities originally took the position that no charitable deduction was allowable; and that subsequently, through the diligence and effort of the executor, the respective taxing authorities finally allowed a charitable deduction pursuant to the applicable provisions contained in section 2055 of the Internal Revenue Code and subdivision 3 of section 249-s of the New York State Tax Law. But in the actual computation of the tax, the executor apparently failed to urge upon the taxing authorities the necessity of apportioning the taxes within the residuary estate.
The objectants contend that since the gift to Massachusetts Institute of Technology (hereinafter called “ the Institute”) qualified for the charitable deduction, the executor should have taken the position that the taxes imposed upon the gifts passing under article “ Fourth ” must be apportioned in accordance with the pertinent provisions of section 124 of the Decedent Estate Law (supra). The objectants further assert that the *339 executor was negligent in failing to take that position and should accordingly be surcharged the difference between the amount which the Institute would have received if the taxes had been apportioned and the amount which it will otherwise receive. This objection was raised by the Attorney-General on behalf of the ultimate charitable beneficiary, but not by the Institute. The Institute has since moved to amend its pleadings to conform to those interposed by the Attorney-General, and the executor has raised the defense of estoppel, asserting that the Institute had been advised of the position taken by the executor and that it concurred. The record discloses that in spite of the fact that the executor was in constant contact with an official of the Institute with respect to various questions concerning the estate taxes, the question of apportionment of such taxes with respect to the gift to the Institute was not discussed. The court, therefore, determines that the Institute is not estopped from raising the objection. The motion by it to amend its objections is granted as requested.
In analyzing the will in order to resolve the issue as to whether taxes imposed upon the gifts passing under article “ Fourth ” should be apportioned so as to give the Institute the full benefit of the charitable deduction, it is significant that the language contained in article “ First ” (supra), directing that taxes “ be paid out of my estate ’ ’, is similar to the language which this court construed in Matter of Bayne (102 N. Y. S. 2d 525). In the latter case it was held that a direction by the testator to pay taxes “ out of my general estate ” was equivalent to a direction to pay taxes ‘1 out of my residuary estate ’ \ The will under consideration is distinguishable from those instruments which contain an express direction that taxes be treated in the same manner as administration expenses (Matter of Cromwell, 199 Misc. 143, affd. 278 App. Div. 649, affd. 303 N. Y. 681; Matter of Kruskal, 115 N. Y. S. 2d 181), or those in which the directions for the payment of taxes and administration expenses are in identical language or are in such juxtaposition that the mandate is clear and unequivocal. (See Matter of Herz, 203 Misc. 1077; Matter of James, 180 Misc. 441, affd. 267 App. Div. 761, motion for leave to appeal denied 292 N. Y. 724.) As was pointed out in Matter of Mattes (205 Misc. 1098, affd. 285 App. Div. 867, affd. 309 N. Y. 942) the mere fact that the directions with respect to payment of administration expenses and taxes are contained in the same paragraph of the will, does not necessarily require a determination that the testator intended that they be treated in the same manner.
*340 Accordingly, the court determines that under the terms of testator’s will the estate taxes imposed upon all assets, both testamentary and nontestamentary, are payable from the residuary estate. However, the estate taxes imposed upon the gifts passing under article “ Fourth ” of the will should have been apportioned in accordance with the provisions of section 124 of the Decedent Estate Law so as to give full credit to the Institute for the charitable deduction to which it is entitled. (Matter of Blumenthal, 182 Misc. 137, affd. 267 App. Div. 949, affd. 293 N. Y. 707; Matter of Dettmer, 179 Misc. 844; Matter of Starr, 157 Misc. 103; Matter of Pratt, 123 N. Y. S. 2d 425.)
It is well established that this court has no jurisdiction to review a determination of the taxing authorities with respect to the amount of tax imposed upon the estate. (Matter of Kaufman, 170 Misc. 436; Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Zeitz, 121 N. Y. S. 2d 864.) The objectants contend that the failure of the executor to assert that taxes imposed upon property passing under article “ Fourth ” should be apportioned so as to give the Institute the full benefit of a charitable deduction, resulted in the payment of a higher tax. It is impossible to say that that result necessarily follows. Although the court is now saying that there should have been an apportionment, it cannot be said with any certainty that the taxing authorities would have taken a similar view even if it had been presented. In order to surcharge the executor, it would be necessary to find that the taxing authorities would have concurred with such contention if it had been asserted. Unless there is impropriety or negligence in the conduct of the estate representative followed by loss to the estate, there can be no surcharge. (6 Jessup-Redfield, Surrogates Law & Practice, § 5226; Matter of Weinberg, 69 N. Y. S. 2d 748.) In view of the fact that it is impossible to determine what, if any, damages the estate suffered as a result of the executor’s failure to urge that estate taxes imposed upon the property passing under article “Fourth” should be apportioned, the court will not impose any surcharge. However, the executor is directed to seek a refund from the taxing authorities by filing amended returns apportioning the taxes imposed upon the property passing under article “ Fourth ”. The executor is authorized and directed to account for any refund obtained from the taxing authorities at the foot of this decree on notice to all persons who have appeared herein.
The petitioner, who is also a member of the firm of attorneys representing the estate, has requested the court to fix and allow attorneys’ fees for the services which have been rendered to the *341 estate. The court, having carefully considered the factors enumerated in Matter of Potts (213 App. Div. 59, affd. 241 N. Y. 593), determines that the fair and reasonable value of the services rendered to the estate is $24,000.
Proceed accordingly and settle decree.