Christopher C. McGrath, S.
In this proceeding to judicially settle their account, the executors present the following question: “ Does the will of the decedent contain a direction against the apportionment of estate taxes payable in respect to the proceeds of insurance policies of life insurance and gifts held to have been made by decedent in contemplation of death, which form part of the taxable estate herein? ”
The pertinent paragraph of the will provides: “ All estate, transfer, succession, legacy and death taxes (both State and Federal) upon the transfer of my estate or any part thereof, shall be paid out of my residuary estate so that no part thereof shall be charged against any legatee, devisee or beneficiary other than those entitled to my residuary estate. ’ ’
The court holds that this language is limited to testamentary gifts and does not extend to gifts or insurance proceeds which are nontestamentary. Section 124 of the Decedent Estate Law specifically provides that any direction in the will with respect to the apportionment of taxes shall be limited in its operation to the property passing thereunder unless such will otherwise directs. There is no such direction in the quoted portion of the will (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Pepper, 307 N. Y. 242; Decedent Estate Law, § 124, subd. 4).
The decisions in Matter of Staheli (57 N. Y. S. 2d 185, affd. 271 App. Div. 788) and Matter of Halle (270 App. Div. 619) relied upon by the executors are not applicable. As the court said in Matter of Halle (supra, p. 623) “ The matter of intention is to be determined in each case upon a consideration of the language used in the light of the surrounding circumstances.”
. In the Halle case (p. 621), the will directed without any qualifying phrase or words that “ all inheritance, estate, transfer and succession taxes be paid out of my residuary estate.” Similar language is found in Matter of Staheli (supra). The directions in these two cases were unrestricted. There were not *906 the limitations such as that found in the will before this court; to wit: that the taxes so to be paid were only those imposed upon “the transfer of my estate or any part thereof” (Matter of Mills, supra).
The insurance companies out of the funds held by them will be directed to pay to the executors the. share of the prorated estate tax chargeable to them. Any difference between the amount of the prorated tax and the amount left in the hands of the insurance company will be directed to be paid by the beneficiary.
The testator herein died in 1954. The petitioner’s contention in which the special guardian concurs, that all estate taxes must be deducted from the net estate in determining the widow’s intestate share, is correct (Matter of Wolf, 307 N. Y. 280).
The compensation of the attorney for the executors is allowed in the sum requested.