Joseph A. Cox, S.
In the case at bar a construction is sought as to the meaning and legal effect of Article first of the decedent’s will which reads as follows: “first: I direct and
authorize my Executor or Executors to pay from my residuary estate any and all inheritance and other estate transfer taxes or death duties that may be imposed or become chargeable against my gross taxable estate; or against any of the devisees or bequests herein, it being my intention that each and every devise and bequest under this will shall be delivered to and be taken by every devisee or legatee hereunder in full and without any deduction for any taxes.”
On August 22, 1950 the testator herein created an inter vivos trust, with the income thereof payable to himself for life. He died on November 12, 1951 and the entire corpus of the inter vivos trust was included in and taxed as part of his gross taxable estate. It is the contention of the inter vivos trustee that the direction against apportionment contained in Article first of the decedent’s will constitutes a clear and unambiguous direction which exonerates the inter vivos trust from the payment of its prorata share of the estate taxes assessed against the gross taxable estate by the Federal and State taxing authorities.
It is the opinion of this court that the test laid down in Matter of Pepper (307 N. Y. 242) is not met by the article in question and that the provisions of section 124 of the Decedent *336 Estate Law require the inter vivos trust to hear its prorata share of the taxes levied against the estate.
It is apparent that had the testator stopped after the first part of the article ending with the words “my gross taxable estate ”, all taxes levied against the estate including those assessed against nontestamentary property would be chargeable against the testator’s testamentary residuary estate. However, the testator did not stop there but went on to define and express his intent with respect to those persons who were to be exonerated from the payment of taxes. In so doing, he effected a controlling limitation on the general direction against apportionment which appears in the first part of the article. (Matter of Kalik, 179 Misc. 872; Matter of Lassere, 195 Misc. 771; Matter of Lemmerman, 199 Misc. 49; Matter of Pepper, supra.)
The intent of the testator to exempt only the legatees and devisees named in the will is clear but no intent to exonerate the nontestamentary beneficiaries is shown and such intent may not be implied. (Matter of Mills, 189 Misc. 136, affd. 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Ryan, 178 Misc. 1007, affd. 265 App. Div. 1051.)
The argument is made by the inter vivos trustee that the court should consider Article first as two completely separate clauses; the first clause directing that all estate taxes levied on the gross taxable estate, including those levied on nontestamentary property, be paid out of the residuary estate, and separate and distinct therefrom, the second clause which exonerates the devisees and legatees named in the will from payment of taxes. The patent invalidity of the argument is that it fails to take into account the plain and obvious fact that all persons receiving both the testamentary and nontestamentary property, other than the recipients of the residuary estate, would be exempt from any apportionment of taxes, had the testator ended Article first with the words “ chargeable against my gross taxable estate ”. The most that can be said for the argument presented by the inter vivos trustee is that it points up the existence of an ambiguity between the first and second parts of the article in question which casts a doubt on the testator’s intention. As the Court of Appeals indicated in Matter of Pepper (supra) whenever there is an ambiguity and any doubt exists as to the meaning of a direction against apportionment, the statutory direction to apportion is absolute. (Matter of Mills, supra.) This court cannot find in the clause sought to be construed the clear and unambiguous direction against apportionment which is required to exempt the inter vivos trust from bearing its prorata share of estate taxes. Those who *337 would contend against apportionment must bear the burden of proof thereof. (Matter of Kaufman, 170 Misc. 436.) This testator’s direction is at the very least ambiguous, and as the direction against statutory apportionment in order to be effective must be clear and unambiguous, an apportionment of taxes against the inter vivos trust must be decreed. The balance of the relief prayed for by the petitioners is granted.