John D. Bennett, S.
In this accounting proceeding the executors take the position that the decedent’s will contains a clear direction against apportionment of taxes and requires that all taxes must be paid out of the general estate. The Attorney-General, representing indefinite charities, which are to be *324 selected by the executors and which are to share in 30% of the decedent’s residuary estate, contends that the estate taxes should be apportioned in accordance with section 124 of the Decedent Estate Law.
In paragraph Second of the decedent’s will he provides: “ I direct my Executors hereinafter named to pay out of my estate all of my just debts, funeral, testamentary expenses and inheritance taxes as soon after my death as may be convenient.”
Paragraphs Third through Seventh provide for general bequests to one of the decedent’s relatives and a friend, as well as to named charitable organizations.
In paragraph Eighth the decedent divided “All the rest, residue and remainder of my estate, both real and personal, wheresoever and whatsoever (after payment of any and all inheritance taxes) ”, into three fractional parts: to his nephew 60% ; to his niece 10% ; and to charities selected by his executors, 30%. It is well settled that in the absence in the will of clear, unambiguous direction to the contrary, apportionment of estate taxes pursuant to statute will be directed (Decedent Estate Law, § 124; Matter of Shubert, 10 N Y 2d 461; Matter of Agris, 3 Misc 2d 821). If there is any doubt as to what the decedent intended, the statutory direction to apportion is absolute (Matter of Bros, 11 Misc 2d 943, affd. without opn. 7 A D 2d 978).
‘ ‘ The grouping of the estate taxes with debts and administration expenses, which are ordinarily payable out of the general estate, is significant, of the purpose of the testatrix to charge the taxes similarly” (Matter of James, 180 Misc. 441, affd. 267 App. Div. 761). “By thus grouping or bracketing estate taxes with debts, funeral and administration expenses, which debts and expenses are ordinarily payable out of the general estate, the testator has in effect ‘ otherwise directed ’ i.e., has directed that estate taxes, as well as debts, funeral and testamentary expenses, be deducted and paid out of the general estate without apportionment under section 124 so that the dispositive provisions would apply only to the net estate remaining after such payments or deductions ” (Matter of Sykes, 53 N. Y. S. 2d 442, 447; see, also, Matter of Cromwell, 199 Misc. 143, 147, affd. 303 N. Y. 681; Matter of Leonard, 9 A D 2d 1).
The matter before the court is distinguishable from Matter of Coulter (11 Misc 2d 851, affd. 4 A D 2d 1019, mot. for lv. to app. den. 4 N Y 2d 676) in that the “ grouping of payments ” clause in said case clearly indicated that estate taxes were to be paid by the residuary estate. There is no like direction or intent in the decedent’s will herein (Matter of Shubert, supra). Matter of Fairchild (15 Misc 2d 272) did not have a “ grouping *325 of payments ’ ’ clause as the case at bar nor a paragraph similar to paragraph Eighth of the decedent’s will.
The fact that the decedent utilized the words “ inheritance taxes ” instead of “ estate taxes ” is of no moment (Farmers' Loan & Trust Co. v. Winthrop, 238 N. Y. 488; Matter of Randell, 147 Misc. 358). The court in Matter of Wise (20 A D 2d 55, 59, affd. 15 N Y 2d 591) held that the words “ inheritance taxes ” were not synonymous with ‘ ‘ estate taxes ’ ’ due to the fact that the decedent in that case used ‘ ‘ estate taxes ’ ’ in some sections of his will and ‘ ‘ inheritance taxes ’ ’ in another, and the court ruled that it was obvious that the decedent intended their strict interpretation. In the case before the court, the decedent used only the words “ inheritance taxes ”, and it is evident he used said term in place of “ estate taxes ” and the connotation is that he intended “ estate taxes
Both paragraph Second, wherein the testator grouped the paying of taxes with those expenses ordinarily payable out of the general estate, and paragraph Eighth, wherein the testator directed his residuary estate be distributed and determined after the payment of taxes, clearly indicate the testator’s intention that all estate taxes be paid out of the general estate without apportionment even among the residuary legatees (Matter of Wheeler, 25 Misc 2d 933, affd. 14 A D 2d 549). Accordingly the position of the executors regarding the payment of estate taxes is sustained.