John D. Bennett, S.
In this accounting proceeding the special guardian of infant remaindermen objects to the payment of all estate taxes, including that imposed upon nontestamentary property, from the corpus of the residuary trust created under paragraph “ Third” of the testator’s will. The executors contend that the decedent provided under the terms of his will that all estate taxes be paid out of said corpus.
Section 124 of the Decedent Estate Law provides that estate taxes shall be equitably apportioned among the persons interested in the gross taxable estate unless a testator directs otherwise. Subdivision 4 of said section further provides that ‘ ‘ Any direction as to apportionment or non-apportionment of the tax, whether contained in a will or in a non-testamentary instru *494 ment, shall he limited in its operation to the property passing thereunder unless such will or instrument otherwise directs.”
Paragraph “Fifth” of the decedent’s will provides: “I direct that any and all inheritance, estate, transfer, succession and legacy taxes levied by the United States of America or by any State or Territory thereof or political subdivision of any such State or Territory upon or with respect to my estate or to any part thereof shall be borne by and paid from the corpus of my trust estate.”
“ No precise words are necessary to indicate the intention to deny apportionment, so long as that intention clearly appears from the words of the instrument (Matter of Halle, 270 App. Div. 619, Matter of Randell, 147 Misc. 358) ” (Matter of Frank, 195 Misc. 406, 407).
However, i ‘ in the absence of a clear, unambiguous direction to the contrary in the will, apportionment pursuant to statute will be directed. There is a strong policy in favor of statutory apportionment, and those controverting its application must bear the burden of proof (Matter of Pepper, 307 N. Y. 242; Matter of Mills, 189 Misc. 136, 141, affd. 272 App. Div. 229, affd. 297 N. Y. 1012) ” (Matter of Shubert, 10 N Y 2d 461, 471; see, also, Matter of Leonard, 9 A D 2d 1).
“ Where a direction in the will to pay estate taxes out of the residuary estate is qualified by language indicating an intent to exonerate devisees and legatees named in the will, no intent to exonerate nontestamentary beneficiaries is implied” (Matter of Fairchild, 15 Misc 2d 272, 275). The question before the court here, however, is whether the will by stating that taxes on “my estate ” directs in unambiguous terms that all estate taxes are not to be apportioned. Had the testator provided that his residuary estate was to pay the entire estate tax on his “ gross taxable estate ” (see Matter of Pergament, 29 Misc 2d 334), or that no one who was to receive any assets as a result of his decease had to contribute to estate taxes levied on his estate (Matter of Wheeler, 19 Misc 2d 335), or if he provided that said residuary was to pay all estate taxes on “my estate or the gifts, legacies, devises and bequests set forth under my will,” then said provisions would clearly manifest the testator’s intention that taxes were not to be imposed upon nontestamentary assets (Matter of Harbord, 197 Misc. 760, affd. 281 App. Div. 850; Matter of Barricini, 19 Misc 2d 564). However, the decedent herein merely provided that taxes on his estate were not to be apportioned, with no indication what he meant by his estate, and the court must limit said provision to that which passes under the decedent’s will (Decedent *495 Estate Law, § 124, subd. 4; Matter of Goffe, 73 N. Y. S. 2d 800).
Accordingly the court finds that the beneficiary of the decedent’s nontestamentary assets must contribute her proportionate share of the estate taxes and the objection of the special guardian is sustained.